**SPRINGS INDUSTRIES, INC., Plaintiff,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. CA3–91–0728–D.**

United States District Court,
N.D. Texas, Dallas Division.

July 10, 1991.

---

James E. Coleman, Jr., Craig W. Weinlein, and J. Stuart Tonkinson, of Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for plaintiff.

---

Mark H. Fanning and Sharis L. Hauder of Fanning, Harper & Martinson, Dallas, Tex., and William M. Savino, M. Paul Gorfinkel, and Celeste M. Butera, of Rivkin, Radler, Bayh, Hart & Kremer, Uniondale, N.Y., for defendant American Motorists Ins. Co.

FITZWATER, District Judge:

The instant motion presents recurring questions concerning when leave to file a reply brief should be granted.

## I

In support of a pending motion to stay discovery, defendant American Motorists Insurance Company ("AMICO") requests leave pursuant to N.D.Tex.R. 5.1(f)[1] to file a reply brief to the response of plaintiff Springs Industries, Inc. ("Springs"). An amended certificate of conference states that Springs agrees to the filing of a reply brief only if it "contain[s] no evidentiary matters," a condition to which AMICO cannot agree. In a written response to the motion for leave, Springs opposes the filing of a reply brief. It argues that AMICO intends by way of the reply to improve its motion to stay discovery by filing supporting affidavits and exhibits not submitted with the original stay motion. According to Springs, AMICO has taken a similar tack in support of a motion to dismiss which is also pending for decision. Springs objects to a procedure that deprives it of an opportunity to refute supporting evidence offered for the first time after the filing of its response.

## II

Following this court's decision in *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D.Tex.1988) (en banc), there should be little doubt "that

the party with the burden on a particular matter will normally be permitted to open and close the briefing." *Id.* at 291.[2] This principle is sound. In our jurisprudence the party who must persuade the court of the merits of the relief it seeks is almost always given the final word. "It should thus be rare that a party who opposes a motion will object to the movant's filing a reply." *Id.* at 291–92.

Of equal importance is the rule that the nonmovant should be given a fair opportunity to respond to a motion.[3] This principle informs the court's practice of declining to consider arguments raised for the first time in a reply brief. *See, e.g., Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F.Supp. 758, 772 (N.D.Tex.1990) (motion to dismiss). It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.

Because the court does not have before it AMICO's proposed reply brief, it can only speculate, as does Springs in its opposition response, that AMICO will attempt to rely on materials not contained in its original motion. If AMICO does not do so, Springs' opposition falls away, and AMICO's request for leave should be granted on the basis of the settled right of reply. If AMICO does attempt to rely on new evidentiary support, the question becomes whether this is one of those rare instances in which leave to file a reply should be denied.

It cannot seriously be disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks. The office of the reply brief permitted by Rule 5.1(f) is to rebut the nonmovant's response, thereby persuading the court that the movant is

---

**1.** Rule 5.1(f):

In the discretion of the Presiding Judge, the movant may be permitted to file a reply brief if permission is sought immediately upon the receipt of the response to the motion.

**2.** Sections I and II of the *Dondi* opinion were adopted by the *en banc* court. *See id.* at 286. Section IV, from which is derived the proposition for which *Dondi* is now cited, is an individ-

ual decision of the undersigned, *see id.* ("in section IV a judge of the court decides the [motion to strike reply brief] in accordance with the [*Dondi*] standards").

**3.** There are instances in which courts have determined no response is necessary before entering a decision. The motion to stay discovery presented here is not such a motion.

entitled to the relief requested by the motion. The document is to contain argument, not new supporting materials.

 There may be occasions, however, when additional supporting materials should be presented to the court. When a movant finds it necessary to add new evidentiary support for relief it requests, it should first confer with the nonmovant. If no injustice is likely to result, the parties should agree[4] to the filing of the reply brief and new supporting materials, as well as to submission of a further response and a final reply brief. The practice of conferring is consistent with the rationale of *Dondi,* which seeks *inter alia* to avoid expense and delay associated with litigating "a collateral determination whether the court should consider a particular pleading." 121 F.R.D. at 292. Acquiescence in additional submissions permits all appropriate evidence to be considered by the court, avoids depriving the nonmovant of a meaningful opportunity to oppose the factual and legal bases for a motion, and affords the movant the usual right of reply.

There will be instances, of course, when a movant should not be permitted to cure by way of reply what is in fact a defective motion or when an injustice will otherwise result to a nonmovant if a reply brief is augmented with new evidence. When this is the case the nonmovant can oppose the granting of leave and the court can deny permission to reply. And where a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them.

In the case of the present motion, the court can discern no palpable injustice in considering new supporting materials, followed by an additional response and final reply brief. Accordingly, AMICO's motion for leave to file a reply brief is granted. In the event a further response and final reply are necessary, the parties should be able, in accordance with *Dondi,*

to agree when these pleadings are to be filed.

SO ORDERED.

---

**4.** As in *Dondi,* 121 F.R.D. at 291 n. 14, the court "is not to be understood as holding that the parties can, by agreement, bind the presiding judge." But where the parties are in agreement, the court will usually approve the agreed briefing regimen. *See id.*