James D. DETHROW, Plaintiff,

v.

PARKLAND HEALTH HOSPITAL SYSTEM, Defendant.

No. CIV.A. 3:00–CV–2126–D.

United States District Court, N.D. Texas, Dallas Division.

Nov. 14, 2001.

Douglas K. Magary, Magary & Associates, Dallas, TX, for Plaintiff.

Michael V. Abcarian, John Smart, Winstead Sechrest & Minick P.C., Dallas, TX, for defendant.

FITZWATER, District Judge.

In this and several other cases filed since the adoption in 1998 of amendments to the court's local civil rules that govern summary judgment motion practice, *see* N.D. Tex. Civ. R. 56.1–56.7, the party who has moved for summary judgment has filed with its reply brief an appendix that contains evidence that he has in turn cited in his reply brief. On several occasions, the court in unpublished opinions has stricken or disregarded these reply appendixes on the ground that they are not permitted under the local civil rules. Given the recurrence of the practice of filing reply appendixes, the court issues this published opinion striking the reply appendix in the present case and setting forth its rationale for doing so.

## I

Because the background facts of this case are immaterial to the court's decision, it pretermits discussing them. The relevant procedural facts are these. On September 25, 2001 plaintiff James D. Dethrow ("Dethrow") moved for summary judgment, filing a motion, brief, and appendix. On October 16, 2001 defendant filed an opposition response, brief, and appendix. Dethrow then filed on November 13, 2001 a reply brief and an appendix to his reply brief. In his reply brief, he cites evidence from his reply appendix that is not set forth in his motion appendix. Some of this evidence was not even developed until after defendant had filed its summary judgment response. *See, e.g.,* P.

Rep. Br. at 2 (citing P. Rep.App. 100070–72 and P. Rep.App. 100073–74, declarations that Dethrow and his counsel executed on November 12, 2001, after defendant had filed its opposition response).

## II

■ The court in several unpublished opinions has declined to consider the contents of summary judgment reply appendixes on the ground that they are not permitted under this court's local civil rules. *See, e.g., Frey v. United States,* 2001 WL 493136, at \*1 n. 1 (N.D.Tex. May 4) (Fitzwater, J.), *appeal docketed,* No. 01–10870 (5th Cir. July 5, 2001); *Utica Mut. Ins. Co. v. Hickman,* 2000 WL 1593640, at \*1 n. 2 (N.D.Tex. Oct.24, 2000) (Fitzwater, J.), *appeal dismissed,* No. 01–10391 (5th Cir. Aug. 24, 2001); *Dickerson v. United Parcel Serv., Inc.,* 1999 WL 966430, at \*2 (N.D.Tex. Oct.21, 1999) (Fitzwater, J.), *aff'd,* 234 F.3d 707 (5th Cir.2000) (table) (per curiam). As the court explained in *Tovar v. United States,* 2000 WL 425170, at \*4 n. 8 (N.D.Tex. Apr.18, 2000) (Fitzwater, J.), *aff'd,* 244 F.3d 135 (5th Cir.2000) (table) (per curiam):

> Before the 1998 summary judgment local rules amendments, it was settled that a party could not submit new evidence by way of a reply brief. *See Springs Indus., Inc. v. American Motorists Ins. Co.,* 137 F.R.D. 238, 239–40 (N.D.Tex.1991) (Fitzwater, J.) ("The office of the reply brief permitted by Rule [7].1(f) is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion. The document is to contain argument, not new supporting materials."). The summary judgment local rules adopted in 1998 do not permit a party to submit additional evidence with a reply brief. N.D. Tex. Civ. R. 56.5(c) confirms this, providing that "[a] party whose *motion* or *response* is accompanied by an appendix must include in its brief citations to each page of the appendix that supports each assertion that the party makes concerning the summary judgment evidence." (emphasis added). Rule 56.5(c) does not refer to a *reply* that is accompanied by an appendix. Additional summary

judgment evidence may only be filed with leave of court. *See* Rule 56.7. Moreover, Rule 7.1(f), the general reply brief rule that applies to all civil motions, including summary judgment motions, *see* Rule 56.1, does not refer to an evidentiary appendix. Accordingly, a party may not file a reply brief appendix without first obtaining leave of court. Because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances.

*Id.* at *4 n. 8. Accordingly, a summary judgment movant may not, as of right, file an appendix in support of his reply brief.*

The court recognized in *Springs Industries* that "[t]here may be occasions, however, when additional supporting materials should be presented to the court." *Springs Indus.*, 137 F.R.D. at 240. If, under the governing substantive law, the summary judgment movant is entitled at the reply stage to rely on additional evidence to support his motion, he must seek leave of court to file a reply appendix.

In the present case, Dethrow filed a reply appendix without first obtaining leave of court. The court therefore strikes the appendix to plaintiff's reply filed November 13, 2001 and directs the clerk of court to unfile it from the record. In deciding Dethrow's motion for summary judgment, the court will not consider any evidence from the reply appendix that he cites in his reply brief.

**SO ORDERED.**

---

* The court is addressing today only reply appendixes filed in support of summary judgment motions. *Cf. Information Insights Consulting, Inc. v. Globe Machinery & Supply Co.*, Civil Action No. 3:00–CV–0758–D (N.D.Tex. July 6, 2000) (Fitzwater, J.) (permitting party who moved to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2) or to transfer venue under 28 U.S.C. § 1404(a) to file reply appendix where proof submitted in reply appendix did not impact court's decision on merits of motion).