Michael R. ATRAQCHI and Irene S. Atraqchi, Plaintiffs,

v.

Anthony WILLIAMS, et al., Defendants.

No. CIV.A.03–0974 (JR).

United States District Court, District of Columbia.

Jan. 22, 2004.

Michael R. Atraqchi, Washington, DC, pro se.

Irene S. Atraqchi, Washington, DC, pro se.

Albert A. Foster, Jr., Dillingham & Murphy LLP, Washington, DC, James E. McCollum, Jr., James E. McCollum, Jr. and Associates, College Park, MD, Mark D. Palmer, Bacon, Thornton & Palmer, L.L.P., Greenbelt, MD, for Defendants.

## MEMORANDUM

ROBERTSON, District Judge.

Michael R. Atraqchi and Irene S. Atraqchi are the plaintiffs in at least 17 civil lawsuits that have appeared on the docket of this Court within the last five years. In 2000, having been warned by Judge Kessler in No. 00–1484, *Atraqchi v. Williams,* that "continued filing of repetitive claims, if found to be harassing, may result in an injunction against ... future filings," Mem. Op. July 14, 2000, the Atraqchis apparently changed the venue of their litigiousness to Superior Court. Now pending before this Court, however, are four more pieces of litigation. They were all filed in Superior Court, but all were removed to this Court by defendants.

The plaintiffs may escape the operation of an injunction against their filing suits in this Court by bringing them in another forum, but when their suits are removed to this Court and we are once again exposed to them the natural judicial response (or, at least, the response of the undersigned judge) is to consider whether plaintiffs' *continued prosecution* of a litigation once removed to this Court is "for any improper purpose, such as to harass," or whether plaintiffs' claims "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," or whether plaintiffs' "allegations and other factual contentions have evidentiary support," all within the meaning of Rule 11(b) of the Federal Rules of Civil Procedure.

In this particular case, plaintiffs have named as defendants the Mayor, the Chief of Police, Safeway, Inc., ten individuals, a cor-

poration called Blackhawk, Inc., and nine John Doe and Jane Doe defendants. They begin their complaint by "informing" the Court that the United States and the entire world are "engulfed in a religious inquisition orchestrated and directed by certain Christian denominations to convert the entire earth to one religion and make them one race." They go on to "inform" the Court that "the inquisitors are using prostitution and homosexuality as a method of recruitment into this cult" and that "the Black people of the United States of America, in particular, are being used to discriminate against other minorities and force them into this cult." After several more pages of generalized rant, the actual lawsuit turns out to be about an incident that occurred in a Safeway store on M Street in Washington on September 1, 2001, when plaintiffs were confronted by a young Black male (John Doe). Something happened that led to John Doe's striking Michael Atraqchi on his face with his fist, injuring him and causing him to bleed from the nose and the mouth. Larry Bell, a security officer, appeared on the scene but neglected to stop John Doe or apprehend him, "facilitated his escape," and refused and denied the plaintiff's plea that the police be called, whereupon a general melee ensued in which the Atraqchis and numerous other people in the store were pointing fingers at one another, shouting epithets, and behaving badly.

This event is pleaded as an assault and as a battery. Safeway removed the case because contained within the assault claim are allegations of generalized constitutional violations of plaintiffs' "right to access the court and the right to equal protection of the law." After the removal, Safeway and Blackhawk, Inc. promptly moved to dismiss—Safeway on the grounds that the complaint is frivolous, that plaintiffs failed to state a claim upon which relief can be granted, and that the individual Safeway and Blackhawk officers and employees named in the complaint (Blackhawk is the corporate employer of several security guards who were on duty at Safeway) cannot be held individually liable under Sections 1981, 1983 and 1985(3).

Plaintiffs responded (correctly, having obviously been around the track a number of times) that their *pro se* complaint must be construed liberally, with all factual allegations deemed to be true, and that the motions to dismiss must be denied unless plaintiffs could prove no set of facts in support of their claims that would entitle them to relief. Plaintiffs then moved for summary judgment, asserting that there is no dispute that Michael Atraqchi was assaulted and physically injured inside the Safeway; that defendants did not call the police, offer medical help or call an ambulance; that Safeway "admitted liability . . . by offering . . . to pay the medical bill"; and that "all Black defendants let all Black assailants escape in a discriminatory conspiracy."

The response of Safeway and Blackhawk (for themselves and their employees) is to assert that plaintiffs' dispositive motion is "frivolous and premature" and to assert (without reciting any record facts, but pointing out that there has been no discovery or even a scheduling conference in this case) that there are indeed genuine issues of material fact.[1] The rest of the Safeway submission focuses on the plaintiffs' numerous, meritless *pro se* complaints in other cases against other individuals, businesses, governmental agencies and government officers. As attachments to its motion, Safeway files copies of the dockets of a great number of cases the Atraqchis have filed over the years.

The Court's disposition of the litigation farrago that has proceeded from one punch by an unidentified assailant will be (a) to dismiss the complaint against all the defendants except Safeway, Inc.; (b) to decline supplemental jurisdiction as to the residual action, which is now between non-diverse parties and concerns only common law claims for assault and battery; and (c) to strike the existing complaint against Safeway pursuant to Rule 12(f) of the Federal Rules of Civil Procedure for its immaterial, scandalous and frankly delusional language. The striking of the complaint will be without prejudice to its renewal, if properly drawn as an action for negligence against Safeway, but a renewed complaint, if re-filed in this Court, will be

---

1. This response of Safeway is unaccompanied by a Rule 56(f) affidavit.

promptly remanded to Superior Court. The reasons for these rulings are set forth below.

To begin with, the Atraqchis have not stated a claim of violation of their constitutional or statutory civil rights. Safeway was within its right to construe the complaint as if such a claim had been made in order to remove the case, but on its face the complaint alleges only assault and battery, and the constitutional and other civil rights language thrown in by the Atraqchis appears to be the Atraqchis' version of a boilerplate. The complaint names the Mayor and the Chief of Police, without making any allegations against them, and names three D.C. police officers, alleging that the police officers "threatened [them] not to make this a civil rights case," ordered plaintiff Irene Atraqchi to "go back to the state of Montana, where she came from," and repeatedly stat[ed] "what have they done to you" to prevent [Atraqchi] from talking, which harassed [Atraqchi] . . . without a warrant, or consent, or the Miranda . . ."—all of which, somehow, is asserted to be an arrest, detention, interrogation without warrant, court order or consent, in violation of plaintiffs' 14th Amendment rights (Complaint, ¶ 33). The police officers' qualified immunity in this situation so obviously applies (if a 14th Amendment violation has even been properly alleged) as to require no further briefing or discussion.

█ Once the individuals who could commit a constitutional violation, or a violation of some statutory civil right, have been dismissed from the action, nothing remains but a common law suit for assault and battery, against a large number of non-diverse defendants. I do not have subject matter jurisdiction over such an action unless I exercise supplemental jurisdiction under 28 U.S.C. § 1367, and, since I have dismissed all claims over which I have original jurisdiction, see § 1367(c)(3), I may—and do—decline to do so. From anything that appears on the face of the complaint, however, the events of September 21, 2001, of which the Atraqchis complain can give rise only to one common law claim, and that would be against Safeway, for negligence (assuming, that is, that the John Doe who allegedly struck the plaintiff cannot be found or served). Whether Safeway owed a duty of care to the plaintiff to ensure that he was not punched in the mouth in a Safeway Store is for the courts of the District of Columbia to say, and not for me. Moreover, whether and to what extent the plaintiffs brought about their own injury by their behavior, or may have been contributorily negligent, is not for me to say and does not appear on this record. In any event, whatever is left of this case belongs in Superior Court.

█ Except that I cannot allow to stand, as if it had some juridical value, a complaint that contains the wildly immaterial, delusional, and quite possibly pathological allegations that these plaintiffs have made about a world-wide religious inquisition, illegal wiretapping by the U.S. Government and others to "homosexualize them and convert them to this cult," and conspiracy against them by Black people. The complaint will accordingly be stricken, with leave to file a proper complaint, asserting a proper cause of action for assault and battery and for negligence against John Doe and Safeway, Inc. If that amended complaint is filed in this Court, it will immediately be remanded to Superior Court.

An appropriate order accompanies this memorandum.

### ORDER

For reasons set forth in the accompanying memorandum, the motion to dismiss by Norman Arrington, Steven Burd, and Safeway, Inc. [4] is **granted** as to Norman Arrington and Steven Burd and **denied** as to Safeway, Inc. The motion to dismiss by Blackhawk, Inc. [7] is **granted**. The motion for summary judgment by Irene S. and Michael R. Atraqchi [19] is **denied**. The complaint is **stricken** pursuant to F.R.Civ.P. 12(f) without prejudice to plaintiffs refiling a claim for assault and battery against John Doe and for negligence against Safeway, Inc., *provided, however,* that this Court will decline jurisdiction of such an action pursuant to 28 U.S.C. § 1367(c) and remand the case to Superior Court.