# In the United States Court of Federal Claims

No. 14-388L
(Filed: May 14, 2021)

************************************

WILLIAM C. HARDY & BERTIE ANN   *
HARDY et al.,                         *
                                 *
            Plaintiffs,    *
                                 *      Motion to Strike; RCFC 5.4(b)(2);
    v.                        *      RCFC 12(f); Inherent Power
                                 *
THE UNITED STATES,         *
                                 *
            Defendant.    *
************************************

Elizabeth A. Gepford McCulley, Kansas City, MO, for plaintiffs.

David A. Harrington, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Senior Judge

Plaintiffs in the above-captioned matter filed a motion for an award of reasonable attorneys' fees and costs under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"). Before the court is defendant's motion to strike plaintiffs' reply in support of that motion. For the reasons discussed below, the court denies defendant's motion.

## I. BACKGROUND

In this rails-to-trails action, plaintiffs own real property subject to easements for railroad purposes in Newton County, Georgia. Defendant authorized the conversion of the railroad rights-of-way into recreational trails pursuant to the National Trail Systems Act, conduct that resulted in a taking in violation of the Just Compensation Clause of the Fifth Amendment to the United States Constitution. Of the 156 parcels at issue in this case, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") affirmed defendant's liability for a taking with respect to 145 of them.[1] Hardy v. United States, 965 F.3d 1338 (Fed. Cir. 2020).

---

[1] As for the remaining eleven parcels, this court recently determined, on remand from the Federal Circuit, that defendant was not liable for a taking. Hardy v. United States ("Hardy VII"), No. 14-388L, 2021 WL 1310848 (Fed. Cl. Apr. 8, 2021).

Subsequently, the parties tried but failed to reach an agreement on URA fees. Plaintiffs then filed, and the parties briefed, a motion for attorneys' fees and costs. In total, plaintiffs' motion sought $2,005,360.50 in fees and $481,428.10 in costs. Pls.' Mot. 4. Defendant extended a significantly lower counteroffer, suggesting that plaintiffs should receive no more than $671,375.52 in fees and $258,538.85 in costs. Def.'s Resp. 8 & n.4.

The crux of the present controversy is plaintiffs' reply in support of their URA motion, filed on March 15, 2021. In this thirty-page brief, plaintiffs assert that defendant's counteroffer was "generated in bad faith," theorizing that it seemed "based upon some personal animosity from the government's counsel." Pls.' Reply 4.[2] Plaintiffs speculate that "the government's counsel definitely seems to 'resent the success of their opposing counsel'" and that this demonstrates "the 'churlish behavior' of the government's counsel." Id. at 6 (quoting Order, Nov. 2, 2020, ECF No. 236). Plaintiffs also comment on defendant's briefing of the causation issue, maintaining that defendant displayed "obvious animosity" and that "the entire reply brief was nothing more than a bizarre and improper personal attack repeatedly directed at 'Mr. Stewart' . . . ." Id. at 4 n.4. Accompanying the brief were three exhibits, containing sixty pages of receipts and invoices. Pls.' Reply Exs. B-2, B-3, B-4. Defendant indicates that plaintiffs had not provided this documentation during their negotiations. Def.'s Mot. 3.

On March 26, 2021, defendant filed its motion to strike plaintiffs' reply. Defendant advances three grounds for this request. First, it asserts that the reply contains "impertinent and scandalous material," allowing the court to strike it under Rule 12(f) of the Rules of the United States Court of Federal Claims ("RCFC"). Id. at 4-7. Second, it contends that the reply inappropriately introduces new evidence.[3] Id. at 7-9. Third, it observes that the reply violates RCFC 5.4(b)(2) by exceeding the page limit without plaintiffs first obtaining the court's leave. Id. at 4. The parties fully briefed the motion, and neither party requested oral argument. Finding oral argument unnecessary, the court determines that the motion is ripe for adjudication.

## II. DISCUSSION

### A. RCFC 12(f)

RCFC 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, courts disfavor motions to strike and grant them rarely. Entergy Nuclear Fitzpatrick, LLC v. United States, 93 Fed. Cl. 739, 742 (2010) (quoting Fisherman's Harvest, Inc. v. United States, 74 Fed. Cl. 681, 690 (2006)). Striking a pleading is improper if "the referenced material creates no prejudice or confusion" in the court's consideration of the case. Impresa Construzioni Geom. Garufi v. United States, 61 Fed. Cl. 175, 177 (2004), appeal voluntarily dismissed, 125 F. App'x 310 (Fed. Cir. 2005). Moreover, only the following documents are considered pleadings: complaints,

---

[2] The first two pages of plaintiffs' reply are both labeled as page one. Thus, the court will use the page numbers generated by CM/ECF when citing to this document.

[3] Alternatively, if the court does not strike the new evidence, defendant requests that the court allow it sufficient opportunity to review the evidence and respond to it. Def.'s Mot. 9.

answers to complaints or counterclaims, replies to offsets or pleas of fraud contained in an answer, third party pleadings, and replies to answers. RCFC 7(a). Courts generally construe the term "pleading" narrowly in this context. Fisherman's Harvest, Inc., 74 Fed. Cl. at 690. Motions such as those for attorneys' fees, and any subsequent briefs filed in support thereof, are not pleadings. See id. (motion for leave to join as parties not a pleading); Boston Edison Co. v. United States, 64 Fed. Cl. 167, 180 n.15 (2005) (affidavit not a pleading); Sharpe v. MCI Telecomm. Corp., 19 F. Supp. 2d 483, 487 (E.D.N.C. 1998) (cross-motion for summary judgment not a pleading); Heise v. Olympus Optical Co., 111 F.R.D. 1, 4 (N.D. Ind. 1986) (amended motion to dismiss not a pleading). Therefore, the court will not employ RCFC 12(f) as defendant requests.

Alternatively, in its reply in support of its motion to strike, defendant also urges the court to strike plaintiffs' reply based on the court's "inherent power to strike documents other than pleadings."[4] Def.'s Reply 2. This inherent power is a mechanism for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). A court's inherent power includes the authority to strike items from its docket. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010). But the court declines to exercise that power here.

Although courts have applied various definitions of what constitutes "scandalous matter," Arunchalam v. Int'l Bus. Machs. Corp., 989 F.3d 988, 999 n.14 (Fed. Cir. 2021), they have been reluctant to strike material on this basis under any but the most extreme circumstances, see, e.g., Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-65 (7th Cir. 1992) (affirming court's decision to strike allegations that "defendants intentionally caused [a] salmonella outbreak . . . or allowed it to continue in order to consummate a fraudulent scheme"); Collura v. City of Philadelphia, 590 F. App'x 180, 185 & n.7 (3d Cir. 2014) (affirming court's decision to strike allegations employing "abusive language and ad hominem attacks," including referring to certain defendants as "creeps" and "scumbags"); Atraqchi v. Williams, 220 F.R.D. 1, 3 (D.D.C. 2004) (striking allegations regarding a "world-wide religious inquisition" and "illegal wiretapping by the U.S. Government"); Pigford v. Veneman, 215 F.R.D 2, 4-5 (D.D.C. 2003) (striking allegations of racism that were "unsupported by facts or evidence" and "constitute[d] a form of harassment"); Wiggins v. Philip Morris, Inc., 853 F. Supp. 457, 458 (D.D.C. 1994) (striking allegations regarding the drug use of plaintiff's former supervisor, who was not a party).[5] Here,

---

[4] Although parties generally waive arguments raised for the first time in a reply, see infra Section II.B, they cannot waive the court's exercise of its own inherent power.

[5] Although the phrase "scandalous matter" comes from RCFC 12(f), not from the common law underpinning the court's inherent power, the phrase still provides a useful guideline in this context. Like its counterpart in the Federal Rules of Civil Procedure, RCFC 12(f) is, after all, "a codification of part of the [trial court's] inherent power to manage pending litigation." Allapattah Servs., Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005); accord Byrne v. Nezhat, 261 F.3d 1075, 1129 n.105 (11th Cir. 2001) (abrogated on other grounds). Thus, courts sometimes find it instructive to consider this rule by analogy when

plaintiffs' allegations are intended primarily to express incredulity at defendant's counteroffer, which is admittedly quite low. The allegations verge on impropriety, but plaintiffs' cynical interpretation of defendant's litigation stance does not ultimately cross the line into "scandalous matter." Mindful of its responsibility to exercise its inherent powers "with restraint and discretion," Chambers, 501 U.S. at 44-45, the court will not intercede at this time.

While the court does not find it appropriate to strike plaintiffs' reply, it notes that it does not credit plaintiffs' accusations of bad faith and personal animosity against defendant's counsel. The court has already addressed the merits of defendant's causation arguments, see generally Hardy VII, 2021 WL 1310848, and it will not address the merits of defendant's URA arguments here. But regardless of the merits, the court finds no evidence of this supposed hostility in any of defendant's briefs or the other communications documented by the parties. The court does not fault defendant's counsel for diligently advocating for his client, and contrary to plaintiffs' allegations, see Pls.' Resp. 3, the court does not view defendant's motion to strike as frivolous. The court cautions plaintiffs' counsel against making such unsubstantiated accusations in future filings.

## B. Submission of New Materials

Turning to the next basis for defendant's motion to strike, a party generally waives an argument raised for the first time in its reply. United States v. Ford Motor Co., 463 F.3d 1267, 1276-77 (Fed. Cir. 2006); see also Townsend v. Monster Beverage Corp., 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (noting that trial courts "may decline to consider new evidence or arguments raised in reply"). When approaching new arguments or evidence filed in a reply, the central question is whether the opposing party is thus deprived of an opportunity to respond. See, e.g., Ford Motor Co., 463 F.3d at 1277 ("It is unfair to consider an argument to which the government has been given no opportunity to respond."); Springs Indus., Inc. v. Am. Motorists Ins. Co., 137 F.R.D. 238, 239 (N.D. Tex. 1991) ("[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond."). If there has been such a deprivation, a court may allow the opposing party time to consider the new evidence and file a surreply. See Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply."); Banga v. First USA, NA, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) ("If a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond."); accord Acumed LLC v. Stryker Corp., 551 F.3d 1323, 1331-

determining whether to strike a filing on similar grounds. E.g., Avendano v. Sec. Consultants Grp., No. 3:13-cv-168, 2014 WL 6611384, at *2 (D. Nev. Nov. 19, 2014) (concluding that "even when a paper is not a 'pleading' for the purposes of Rule 12(f), the court may exercise its inherent power to strike redundant, immaterial, impertinent, or scandalous filings when the administration of justice so requires"); In re Johnson, 236 B.R. 510, 521 (D.D.C. 1999) (discussing with approval a party's use of the rule's language to "reinforce his argument for the use of" the court's inherent power).

32 (Fed. Cir. 2008) (applying Ninth Circuit precedent); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996); Black v. TIC Inv. Corp., 900 F.2d 112, 116 (7th Cir. 1990).

To ensure that it can adjudicate plaintiffs' motion based on as complete of a record as possible, the court will exercise its discretion and allow plaintiffs to file the three disputed exhibits attached to its reply. Because the new documentation is "consistent with the argument and evidence presented in the moving papers," Hodges v. Hertz Corp., 351 F. Supp. 3d 1227, 1249 (N.D. Cal.), negligible disruption will be caused by allowing plaintiffs to present it. The court will also grant defendant's request to file a surreply addressing the new exhibits. The court reminds plaintiffs that they can facilitate more rapid adjudication of URA fees in the future by providing full documentation of their expenses with the motion itself.

## C. RCFC 5.4(b)(2)

Finally, plaintiffs concede that their reply exceeds the page limit set forth in RCFC 5.4(b)(2). Pls.' Resp. 9. They assert that defendant's response in opposition to their motion necessitated a longer reply, claiming that the response was "more like a cross motion." Id. at 10. Defendant disputes this characterization. Def.'s Reply 3 (emphasizing that unlike a cross-motion, its response made no "competing request for relief").

RCFC 5.4(b)(2) dictates that "a reply brief or memorandum must not exceed 20 pages (30 pages when a response to a motion is included)" without the court's leave. Regardless of the content of defendant's response, plaintiffs should have sought the court's permission before filing such a lengthy brief. But "as a matter of grace," Katzin v. United States, No. 12-384L, 2016 WL 1178387, at *1 (Fed. Cl. Mar. 24, 2016), and in the interest of thorough briefing, the court will allow plaintiffs' reply to exceed the page limit. The length of plaintiffs' reply further supports the court's decision to allow defendant to file a surreply. See Quimba Software, Inc. v. United States, 132 Fed. Cl. 676, 683 (2017) (observing that any potential "inequities" caused by one party exceeding the page limit were cured by additional briefing).

## III. CONCLUSION

In short, the court **DENIES** defendant's motion to strike. Because plaintiffs belatedly filed new evidence with their reply, the court will allow defendant an opportunity to respond. Defendant shall file its surreply to plaintiffs' URA motion **no later than Friday, June 4, 2021.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Senior Judge