James R. WIGGINS, Jr., Plaintiff,

v.

PHILIP MORRIS, INC., and Kenneth Nedimyer, Defendants.

Civ. A. No. 92–0493 (RCL).

United States District Court, District of Columbia.

May 13, 1994.

See also 848 F.Supp. 213.

John C. LaPrade, Washington, DC, Frazier Walton, Jr., Alexandria, VA, for plaintiff.

Hadrian Katz, Erica Frohman Plave, Arnold & Porter, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on defendant Philip Morris, Inc.'s motion to strike portions of plaintiff's complaint. Upon consideration of defendant's motion and plaintiff's opposition thereto, defendants' motion will be granted.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Defendants contend that this court should strike paragraphs 24, 42, and 45 of plaintiff's complaint. In these paragraphs, plaintiff suggests that a Philip Morris employee—and former supervisor of plaintiff—was engaged in the use of controlled substances. These paragraphs portray a supervisor angered by his subordinate's knowledge of his drug use, leading to plaintiff's eventual termination from Philip Morris.

As plaintiff clarifies in his opposition to defendant's motion to strike, plaintiff argues that these allegations of "illicit drug usage by a Phillip Morris [sic] employee ... provide a grounds for that employee's racial animus and malice and intent in connection with Plaintiff's claims herein." Plf.'s Opp'n Def.'s Mot. to Strike at ¶ 7. Defendants object to the assertions made in these paragraphs as immaterial, impertinent, and scandalous.

■ Generally, motions to strike are disfavored by federal courts. However, if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted. *See Todhunter, Mandava, & Assocs. v. I.C.C.I. (Holdings) Pty. Ltd.*, C.A. No. 88–3031, 1991 WL 166585 (D.D.C. Aug. 14, 1991) (Lamberth, J.).

■ Despite this high standard for prevailing on a motion to strike, this court finds that defendants have met this burden with respect to paragraphs 24, 42, and 45. *See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d

200, 201 (D.C.Cir.1981) (stating that "motions to strike, as a general rule, are disfavored") (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 647–49 (1969)).

Plaintiff's allegations at issue fail to support plaintiff's legal claims against either defendant in this case.[1] Indeed, these allegations cut against any liability of Philip Morris. Instead of providing a basis for a racially motivated termination, these allegations portray a renegade employee—not a party to this lawsuit—on a mission to tortiously interfere with plaintiff's employment because of the potential to divulge that renegade employee's secret affinity for narcotics. The allegations which plaintiff presents in paragraphs 24, 42, and 45 are simply irrelevant as to plaintiff's civil rights causes of action against Philip Morris.[2]

Since the court concludes that these allegations are irrelevant to this case and prejudicial to defendants, defendant Philip Morris, Inc.'s motion to strike the impertinent and scandalous allegations contained in paragraphs 24, 42, and 45 is GRANTED. The Clerk is hereby directed to strike paragraphs 24, 42, and 45 from the complaint in this case.

---

1. These facts could be relevant to a claim for tortious interference with contract as to this particular employee; however, this supervisor is not a party to this lawsuit. Even if his actions are attributable to Philip Morris, no cause of action exists. Philip Morris cannot be held liable for tortious interference with a contract to which it is a party.

2. These allegations are also completely irrelevant as they pertain to defendant Nedimyer.