**JUDICIAL WATCH, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Defendant.**

Civ. No. 95–133(RCL).

United States District Court, District of Columbia.

Sept. 30, 2004.

Paul J. Orfanedes, Klayman & Associates, PC, Larry Elliot Klayman, James F. Peterson, Washington, DC, for Plaintiff.

Marina Utgoff Braswell, U.S. Attorney's Office, Washington, DC, for Defendant.

Brian A. Sun, Jones Day, Los Angeles, CA, John Christopher Keeney, Jr., Hogan & Hartson, L.L.P., Jed Lloyd Babbin, O'Connor & Hannan, L.L.P., Anthony John Trenga, Miller & Chevalier, Brian William Shaughnessy, Shaughnessy, Volzer & Gagner, William C. Oldaker, Oldaker, Biden & Belair, LLP, Ellyn R. Weiss, Robert Kenly Webster, Anne L. Weismann, Karen Kathleen Richardson, Carol Federighi, U.S. Department of Justice, Judah Best, Debevoise & Plimpton, Brian M. Heberlig, Reid Henry Weingarten, William T. Hassler, Steptoe & Johnson, L.L.P., Stuart Henry Newberger, Crowell & Moring, L.L.P., Washington, DC, for Movants.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

Before the Court is Defendant's Motion to Strike Sonya Stewart's Declaration [877]. Upon consideration of the motion papers, the applicable law and the record in this case, the Court will grant defendant's motion in the manner discussed herein.

## BACKGROUND

Plaintiff, Judicial Watch, Inc., filed the underlying action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Department of Commerce ("DOC"). The DOC had conducted a first search pursuant to Judicial Watch's FOIA request, a search which the Court found to

be "inadequate, unreasonable and unlawful." *Judicial Watch, Inc. v. Dep't of Commerce,* 34 F.Supp.2d 28, 46 (D.D.C.1998). Having found the first search grossly inadequate, the Court ordered the DOC to conduct a "rigorous" second search in satisfaction of its FOIA duties and in compliance with a separate order issued that date. *Judicial Watch,* 34 F.Supp.2d at 46.

At the conclusion of the second search, the DOC filed various motions for summary judgment, seeking an order validating its second search and its invocation of various FOIA exemptions. In response, Judicial Watch filed oppositions and submitted the supporting declaration of Sonya Stewart ("Stewart Declaration"), the DOC's FOIA Director at the time of both searches. Judicial Watch's opposition, which principally relies on the Stewart Declaration, challenges, in relevant part, the validity of the second search, and requests denial of the defendant's motions for summary judgment. In reply, the defendant maintains that the Stewart Declaration, especially in light of Stewart's subsequent deposition, should be stricken as based on impermissible hearsay and opinion, and otherwise lacking the requisite indicia of reliability necessary to survive a motion to strike.

## DISCUSSION

### I. *Motion to Strike*

▮ Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike a pleading,[1] or portions thereof, for insufficiency, redundancy, immateriality, impertinence or scandalousness. *See* Fed.R.Civ.P. 12(f). A matter is immaterial or impertinent when it is not relevant to the resolution of the issue at hand. *See Larouche v. Dep't of the Treasury,* No. 91–1655, 2000 WL 805214, at *15 (D.D.C. Mar. 31, 2000). A pleading or portion thereof qualifies as "scandalous" for the purposes of Rule 12(f) when it "generally refers to any allegation that unnecessarily

reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 2 *Moore's Federal Practice* § 12.37[3], at 12–97; *see also In re 2TheMart.com, Inc. Sec. Litig.,* 114 F.Supp.2d 955, 965 (C.D.Cal.2000) (stating that a matter is "scandalous where it conveys 'a cruelly derogatory light on a party or other person.' "). While such motions are "considered an exceptional remedy and ... generally disfavored," *Larouche,* 2000 WL 805214, at *13 (citing 2 *Moore's Federal Practice* § 12.37[1] ), a court may carefully strike improper portions of the affidavit, while retaining all properly stated facts. *See Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 962 (4th Cir.1996); *Wiggins v. Philip Morris, Inc.,* 853 F.Supp. 457, 457 (D.D.C.1994) ("Generally, motions to strike are disfavored by federal courts. However, if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted."). Such decisions are within the sound discretion of the trial judge. *See Larouche,* 2000 WL 805214, at *13.

▮ An affidavit, or portions thereof, may also be stricken for failing to satisfy the requirements of Federal Rule of Civil Procedure 56(e). Pursuant to Rule 56(e):

> Supporting and opposing affidavits shall be made on *personal knowledge,* shall set forth such facts as would be *admissible in evidence,* and shall show affirmatively that the affiant is *competent to testify* to the matters stated therein.

Fed.R.Civ.P. 56(e) (emphasis added). A court may strike affidavit statements (1) for which the affiant lacks personal knowledge; (2) that set forth facts inadmissible at of trial; or (3) to which the affiant is not competent to testify. *Id.* The "requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented," and [a]n affidavit based merely on information and belief is unacceptable. *See Londrigan v. Federal Bureau of Investigation,* 670 F.2d 1164, 1174

---

1. It is settled in this jurisdiction that the term "pleading" for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents. *See La-* *rouche v. Dep't of the Treasury,* No. 91–1655, 2000 WL 805214, at *13–14 (D.D.C. Mar.31, 2000) (citing *Humane Soc'y of the United States v. Babbitt,* 46 F.3d 93, 97 n. 5 (D.C.Cir.1995)) (internal citation omitted).

(D.C.Cir.1981) (citing C. Wright & A. Miller, *Federal Practice* § 2738 (1973); J. Moore & J. Wicker, *Federal Practice* ¶ 56.22(1) (1980)). Thus, statements that are impermissible hearsay, conclusory or self-serving are generally precluded. *See Evans,* 80 F.3d at 962; *Visser v. Packer Eng'g Assocs. Inc.,* 924 F.2d 655, 659 (7th Cir.1991); *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir.1992); *Thomas v. Int'l Bus. Machines,* 48 F.3d 478, 485 (10th Cir.1995); *Cifarelli v. Village of Babylon,* 93 F.3d 47, 51 (2d Cir.1996).

Despite the formidable burden of prevailing on a motion to strike, the Court nonetheless finds that the critical majority of the Stewart Declaration is subject to strike under Rule 12(f), as containing immaterial, impertinent and scandalous statements, and under Rule 56(e), as containing impermissible hearsay and opinion statements.

### 1. *Strike for Immateriality, Impertinence and Scandalousness*

■ Pursuant to Rule 12(f), ¶ 2 (in its entirety), ¶ 6 (sentences 1–7), ¶ 7 (sentence 5), and ¶ 8 (sentence 12) of the Stewart Declaration are stricken as impermissible attempts to place before the Court irrelevant, impugning and/or inflammatory statements. For instance, as offered in ¶ 2, the plaintiff's stated fears and request for protection are immaterial to the issue before the court, the validity of the second search, and are an obvious attempt to impugn the character of persons employed by the defendant. Rule 12(f) prohibits the inclusion of such statements in an affidavit or declaration as they do not constitute facts that inform the Court's decision on the issue. *See* Fed. R.Civ.P. 12(f); *Larouche,* 2000 WL 805214, at *15; *In re 2TheMart.com, Inc. Sec. Litig.,* 114 F.Supp.2d at 965. As further illustration, other impermissible statements are declared in ¶ 6 and ¶ 12 where Stewart characterizes the document release process involved in the first search as a "black hole" involving "outrageous," "atrocious," "improper," "unethical," and "dishonest" conduct. Not only are these statements inflammatory and impugning, but they are also ultimately immaterial because the issue currently before the Court is the validity of the second

search, not the first. *See Larouche,* 2000 WL 805214, at *15. The plaintiff's statements rehashing and characterizing the problems that plagued the first search, without more, are immaterial to the Court's determination regarding the second search. If any other factual statements made in the Stewart Declaration supported or otherwise gave context or utility to these statements, then the Court would be less likely to strike them. However, for reasons explained below, Stewart does not have the necessary personal knowledge to draw causal connections between the first search and the second so as to inform the Court's determination as to the validity of the second search. As such, these and the other aforementioned statements are stricken.

### 2. *Strike for Lack of Personal Knowledge*

■ Pursuant to Rule 56(e), ¶ 4 (in its entirety), ¶ 5 (sentences 1–2 and 6–8), ¶ 6 (sentence 8), ¶ 7 (sentences 4 and 6), ¶ 8 (sentences 1–4, 6–9, and 11–12), ¶ 9 (sentences 1–3 and 7), ¶ 10 (sentences 3–7 and 11), ¶ 12 (sentences 1–4), ¶ 14 (sentence 5), ¶ 15 (sentences 3–4), ¶ 16 (sentence 2), and ¶ 17 (sentence 2) are opinion statements for which Stewart lacks the requisite personal knowledge. As such, these statements are stricken as constituting unsubstantiated opinion for which Stewart lacks the first-hand knowledge and personal experience necessary to render her competent to attest to any sets of facts underlying her statements.

For example, Stewart admits basing the statements that constitute the assertions made in ¶ 4 on the notes of Lesia Thorton, a former FOIA Officer for the Office of the Secretary. Basing her statements on the handwritten notes of another person, Stewart, herself, had no first-hand basis of perception or personal experience to support statements, for example, that her staff's efforts were "thwarted and obstructed" and that defendant's employees "refused to cooperate." *See* Stewart Dec. ¶ 4. *See also Visser v. Packer Eng'g Assocs. Inc.,* 924 F.2d 655, 659 (7th Cir.1991) (holding that inferences and opinions declared in an affidavit must be premised on first-hand observations or per-

sonal experience). Similar defects also plague ¶ 5 where, admittedly unaware of the Office of General Counsel's ("OGC") procedure for tracking and releasing documents, *see* Stewart Dep. at 285, Stewart lacks personal knowledge to assert that the manner in which OGC personnel handled document release was "improperly assumed and exercised." Stewart Dec. ¶ 5. *See Evans,* 80 F.3d at 962 (holding that Rule 56(e)'s personal knowledge requirement, renders statements made on information and belief, facts which the affiant believes but does not know are true, insufficient); *El Deeb v. Univ. of Minn.,* 60 F.3d 423, 429–30 (8th Cir.1995); Contrary to Rule 56(e)'s competence requirement Stewart would not qualify as an affiant who would be competent to testify at trial to the factual basis underlying her assertions given that she has no independent basis of personal knowledge. *See El Deeb,* 60 F.3d at 428–29 (holding that the affidavit must evince that the affiant is competent to testify as to the facts contained therein); *Liberty Mutual Ins. Co.,* 969 F.2d at 1388. Given Stewart's lack of competence to testify to the facts regarding OGC procedure, her opinions that the practices employed were "improper," "inconsistent," or "flawed" are mere conjecture prohibited by Rule 56(e). *See id.* (holding that unsubstantiated opinion, which would be precluded at trial by Fed.R.Evid. 701, is subject to strike pursuant to Rule 56(e)'s personal knowledge requirement, as well as the admissibility and competency requirements). Similar problems exist in the other aforementioned paragraphs, likewise rendering those statements unsubstantiated opinion impermissible under Rule 56(e)'s personal knowledge, competency and admissibility requirements.

### 3. *Strike for Impermissible Hearsay*

 Pursuant to Rule 56(e)'s admissibility requirement, ¶ 7 (sentences 1–3), ¶ 8 (sentence 5), ¶ 10 (sentences 9–10), ¶ 11 (sentences 4–6), ¶ 13 (sentences 2–7), ¶ 14 (sentences 1–4 and 6–12), and ¶ 15 (sentences 1–2) are all statements made by Stewart constituting impermissible hearsay are also stricken.

In some cases, statements ostensibly constituting impermissible hearsay may satisfy an exception to the hearsay rule, converting them into permissible statements for the purposes of a Rule 56(e) declaration, but in the instant case the overwhelming majority of the Stewart Declaration is composed of hearsay statements for which no hearsay exceptions would apply. *See Corley v. Life Cas. Ins. Co. of Tennessee,* 296 F.2d 449, 450 (D.C.Cir.1961); *Larouche,* 2000 WL 805214, at \*15. As such, they are subject to strike.

For example, ¶ 9, ¶ 10 and ¶ 13 are replete with impermissible hearsay and hearsay-within-hearsay statements for which no exception to the hearsay rule would provide safe harbor. In ¶ 9, sentence 7, Stewart declares that "[i]ndeed, CFO/Assistant Secretary Gould later informed me that Deputy Secretary Robert L. Mallett and Secretary Williams M. Daley had not seen this Court's actual decision until Assistant Secretary Gould provided them with a copy of the decision (which I had annotated) and discussed the decision with them." Similar statements riddle ¶ 10 with respect to what Stewart claims Secretary Daley told Secretary Gould before telling her. Paragraph 13, is also replete with hearsay-within-hearsay statements by which Stewart attempts to place before the Court purported conversations between George Grafeld, a career civil servant, Lyne–Marie Griffin, a career civil servant, and Melissa Moss, as well as the alleged opinions of these persons. All of these statements constitute, at the least, hearsay-within-hearsay to which no exception would apply, and, as such, are hereby stricken.

### CONCLUSION

For these reasons the Court strikes the aforementioned paragraphs and/or sentences pursuant to Rules 12(f) and 56(e) of the Federal Rules of Civil Procedure.

SO ORDERED.