**Steven AFTERGOOD, Plaintiff,**

v.

**CENTRAL INTELLIGENCE AGENCY, Defendant.**

**Civil Action No.: 01–2524 (RMU).**

United States District Court, District of Columbia.

Feb. 9, 2005.

accompanies this Memorandum Opinion.

558

Steven Aftergood, Washington, DC, pro se.

Frank P. Menna, U.S. Department of Justice, Office of Information & Privacy, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING THE PLAINTIFF'S MOTION TO STRIKE; GRANTING THE DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

URBINA, District Judge.

### I. INTRODUCTION

This matter comes before the court on the plaintiff's motion for summary judgment and the defendant's cross-motion for summary judgment. Pursuant to the Freedom of Information Act ("FOIA"), the plaintiff seeks historical U.S. intelligence budget information from 1947 through 1970. Because the requested information is exempt under 5 U.S.C. § 552(b)(3) ("Exemption 3"), the court denies the plaintiff's motion for summary judgment and grants the defendant's cross-motion for summary judgment.

### II. BACKGROUND

The *pro se* plaintiff is a project director at the Federation of American Scientists, a nongovernmental research and advocacy organization. Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), Ex. C ("Aftergood Decl.")

¶ 1. In 1995, the plaintiff submitted a FOIA request to the defendant seeking the disclosure of certain intelligence budget information. Am. Compl. ("Compl.") ¶ 18. After the defendant denied the plaintiff's request, as well as a subsequent administrative appeal, the plaintiff filed suit in this court. The plaintiff has since amended his complaint and narrowed the scope of the requested information at issue in this case. Currently, the plaintiff seeks "historical U.S. intelligence budget information from 1947 to 1970, to include aggregate figures as well as subsidiary agency budget totals." *Id.* ¶ 23. On July 20, 2004, the plaintiff filed a motion for summary judgment. On September 15, 2004, the defendant filed a cross-motion for summary judgment. On September 22, 2004, the plaintiff filed a motion to strike one of the plaintiff's affidavits. The court now turns to those motions.

## III. ANALYSIS

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the nonmovant the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

 FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure. 5 U.S.C. § 552; *Vaughn v. Rosen,* 484 F.2d 820, 823 (D.C.Cir.1973). FOIA confers jurisdiction on the federal district courts to order the release of improperly withheld or redacted information. 5 U.S.C. § 552(a)(4)(B). In a judicial review of an agency's response to a FOIA request, the defendant agency has the burden of justifying nondisclosure, and the court must ascertain whether the agency has sustained its burden of demonstrating that the documents requested are exempt from disclosure under FOIA. 5 U.S.C. § 552(a)(4)(B); *Al–Fayed v. CIA,* 254 F.3d 300, 305 (D.C.Cir.2001); *Summers v. Dep't of Justice,* 140 F.3d 1077, 1080 (D.C.Cir.1998). An agency may meet this burden by providing the requester with a *Vaughn* index, adequately describing each withheld document and explaining the exemption's relevance. *Summers,* 140 F.3d at 1080; *Vaughn,* 484 F.2d 820 (fashioning what is now commonly referred to as a "*Vaughn* index").

The court may grant summary judgment to an agency on the basis of its affidavits if they:

[ (a)] describe the documents and the justifications for nondisclosure with reasonably specific detail, [ (b)] demonstrate that the information withheld logically falls within the claimed exemption,

and [ (c)] are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981). While an agency's affidavits are presumed to be in good faith, a plaintiff can rebut this presumption with evidence of bad faith. *SafeCard Services, Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C.Cir.1991) (citing *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C.Cir.1981)). But such evidence cannot be comprised of "purely speculative claims about the existence and discoverability of other documents." *Id.*

## B. The Defendant Demonstrates that the Requested Information Falls Within a Recognized FOIA Exemption [1]

### 1. Exemption 3

■ In its cross-motion for summary judgment, the defendant asserts that the requested information is exempt from disclosure under Exemption 3 of FOIA. Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 5. Exemption 3 excludes from disclosure information that is "[s]pecifically exempted from disclosure by statute ... provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Thus, to determine if the agency properly withheld information un-

der Exemption 3, the court must ensure first that the statute the agency asserts as the underlying basis for the exemption is recognized as a statute of exemption under FOIA, and second, that the withheld material satisfies the criteria for exemption under that statute. *Id.; CIA v. Sims*, 471 U.S. 159, 167, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985); *Fitzgibbon v. CIA*, 911 F.2d 755, 761 (D.C.Cir.1990).

### 2. 50 U.S.C. § 403–3(c)(7) is a Statute of Exemption under FOIA

In the instant case, the defendant's invocation of Exemption 3 rests on 50 U.S.C. § 403–3(c)(7), which provides that the Director of Central Intelligence ("DCI") shall "protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 403–3(c)(7). In an earlier case filed by the same plaintiff, this court concluded that that this statute qualifies as a basis for Exemption 3 purposes.[2] *Aftergood v. CIA*, No. 02–1146, slip op. at 4–5 (D.D.C. Sept. 29, 2004); *accord Sims*, 471 U.S. at 167, 105 S.Ct. 1881; *Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 58 (D.C.Cir.2003). Consequently, to determine if the withheld material satisfies the criteria for exemption under 50 U.S.C. § 403–3(c)(7), the court must decide whether the requested intelligence budget information relates to intelligence sources or methods that the DCI must protect. *Fitzgibbon*, 911 F.2d at 761–62.

---

1. FOIA mandates that "any reasonable segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). Although neither party raises segregability as an issue, the court is required to address segregability *sua sponte*. *Isley v. Executive Office for U.S. Attorneys*, 203 F.3d 52, 1999 WL 1021934, at *7 (D.C.Cir. 1999). In the instant case, the only information that the plaintiff seeks is the intelligence budget numbers for 1947–70. Compl. ¶ 1. Because the court concludes that Exemption 3 applies to all of the plaintiff's requests for budget information, the court further concludes that it would. be impossible to segregate information from the plaintiff's request.

2. At the time the Court decided *Sims*, the predecessor statute to 50 U.S.C. § 403–3(c)(7) was 50 U.S.C. § 403(d)(3).

### 3. The Aggregate Intelligence Budget Relates to Intelligence Sources and Methods

 In support of its cross-motion for summary judgment, the defendant provides an affidavit from John E. McLaughlin, the Acting Director of Central Intelligence ("ADCI") at the time the defendant filed its motion. ADCI McLaughlin declares that aggregate intelligence budgets are not identified "to protect the classified intelligence methods used to transfer funds to and between intelligence agencies." Def.'s Mot. Attach. McLaughlin Decl. ("McLaughlin Decl.") ¶ 13. Furthermore, ADCI McLaughlin states that "the methods of clandestinely providing money to the CIA and the Intelligence Community for the purpose of carrying out the classified intelligence activities of the United States are themselves congressionally enabled intelligence methods." *Id.* ¶ 21.

In support of his motion for summary judgment, the plaintiff makes several arguments as to why the information at issue is not exempt from FOIA. In addition, the plaintiff has moved to strike ADCI McLaughlin's declaration, arguing that the declaration contains material false statements. None of the plaintiff's claims has merit.

When considering whether the CIA may withhold requested information under Exemption 3, the court must "accord substantial weight and due consideration to the CIA's affidavits." *Fitzgibbon*, 911 F.2d at 762. This court has previously concluded that intelligence budget information "relates to intelligence methods, namely the allocation, transfer and funding of intelligence programs." *Aftergood*, No. 02–1146, slip op. at 6. In the instant case, the court sees no reason to disturb its prior ruling. Accordingly, the court credits ADCI McLaughlin's declaration and concludes that the requested information relates to intelligence sources and methods. Thus,

the requested information is exempt from disclosure. 5 U.S.C. § 552(b)(3). Because the defendant has properly withheld the requested information and the plaintiff's arguments lack merit, the court grants the defendant's motion for summary judgment and denies the plaintiff's cross-motion. *Casey*, 656 F.2d at 738.

### C. The Plaintiff's Arguments Lack Merit

### 1. The Statement and Account Clause Does Not Require Publication of CIA Intelligence Budgets

 The plaintiff first argues that the Statement and Account clause of the United States Constitution requires publication of the information he requests. Pl.'s Mot. at 2–4. The Statement and Account clause provides that "[n]o money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law; and a regular Statement and Account of the Receipts and Expenditures of all public money shall be published from time to time." U.S. CONST. Art. I, Sec. 9, Clause 7. This argument is easily disposed of. As the defendant correctly notes, the D.C. Circuit has unequivocally held that a FOIA plaintiff does not have standing under the Statement and Account clause to challenge the constitutionality of CIA budget secrecy. *Halperin v. CIA*, 629 F.2d 144, 152 (D.C.Cir.1980). Specifically, the court concluded that "the injury alleged by plaintiff [is] undifferentiated and common to all members of the public" and therefore, the plaintiff "has not shown the particular concrete injury required for standing." *Id.* (internal quotation omitted).

The plaintiff laments that the Circuit's holding in *Halperin* implies that the CIA never has to report its intelligence expenditures. Pl.'s Reply at 7. What the plaintiff ignores is the fact that within the same opinion, the court explains that "the absence of any particular individual or class

to litigate these claims gives support to the argument that the subject matter is committed to the surveillance of Congress and ultimately to the political process." *Halperin*, 629 F.2d at 152 (quoting *United States v. Richardson*, 418 U.S. 166, 179, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974)).

## 2. The Plaintiff Has Not Empirically Disproven the Defendant's Assertions

■ The plaintiff next argues that the requested information cannot be withheld "because the asserted justification for withholding them have been empirically disproved by plaintiff's acquisition and publication of some of them." Pl.'s Mot. at 1. The plaintiff notes that he has independently obtained and released CIA budget information for Fiscal Years 1953–55 and budget data for the Defense Intelligence Agency and the National Security Agency for Fiscal Year 1972. *Id.* Furthermore, the plaintiff, citing his own declaration, asserts that "[n]o identifiable damage to national security or intelligence methods resulted from the global dissemination of this information."

Although the plaintiff does not coherently lay out his argument, it appears that the plaintiff contends that his assessment that the release of the requested aggregate intelligence budget information would not harm intelligence sources means that the requested information does not constitute a source or method of intelligence entitled to protection under Exemption 3. Pl.'s Mot. at 4–6. Essentially, the plaintiff invites the court to conclude that the plaintiff is more knowledgeable than the ADCI about what disclosure of information would harm intelligence sources and methods. The court declines the plaintiff's invitation. The D.C. Circuit has clearly held that the DCI may withhold even "superficially innocuous information" pursuant to Exemption 3 because "[w]hat may seem trivial to the uninformed, may appear of great mo-

ment to one who has a broad view of the scene and may put the questioned item of information in its proper context." *Sims*, 471 U.S. at 178, 105 S.Ct. 1881 (internal quotation omitted). The fact that the plaintiff subjectively believes that releasing the requested budget information would not compromise sources and methods of intelligence is of no moment. The DCI is statutorily entrusted with making that decision, not the plaintiff. 50 U.S.C. § 403–3(c)(7).

## 3. The Defendant Has Not Waived Its Ability to Invoke Exemption 3

■ In the plaintiff's opposition to the defendant's cross-motion for summary judgment, the plaintiff argues that the defendant has officially disclosed the CIA's aggregate intelligence budget for fiscal years 1963–66. Pl.'s Reply to Def.'s Opp'n and Pl's Opp'n to Def.'s Cross Mot. For Summ. J. at 3–4. The defendant responds by submitting uncontradicted evidence that the plaintiff's budget figures for 1964–66 are inaccurate. Def.'s Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Opp'n") Attach. Stockman Decl. ¶ 7. The defendant concedes, however, that it inadvertently released the aggregate intelligence budget for 1963. *Id.* ¶ 8. The defendant further concedes that the 1963 budget information is accurate. Def.'s Reply at 14–15.

The D.C. Circuit instructs that "when information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim." *Fitzgibbon*, 911 F.2d at 765. Furthermore, information is officially acknowledged when: 1) the information requested is as specific as the information previously released; 2) the information requested matches the information previously released; and 3) the information requested has been made public through an official and documented disclosure. *Id.* The defendant's evidence indicates that the

Historical Review Program of the Central Intelligence Agency released the 1963 intelligence budget information by declassifying a Cost Reduction Program Report. Def.'s Opp'n Burke Decl. ¶ 7. Upon review of the evidence, the court concludes that the defendant has officially acknowledged the 1963 intelligence budget as defined in *Fitzgibbon*. Accordingly, the defendant may not claim the protection of Exemption 3 over the 1963 budget information.

Of course, the effect of the official acknowledgment of the 1963 intelligence budget simply means that the CIA must disclose to the plaintiff what he already knows, that is, that the intelligence budget in 1963 was $550 million. The more important question is whether, as the plaintiff argues, the disclosure of the 1963 intelligence budget information means that the defendant has waived its ability to withhold the rest of the information he seeks. The plaintiff, however, cites no legal authority for this proposition. Pl.'s Reply at 4. The court suspects that the plaintiff fails to cite any authority for his argument because the D.C. Circuit has already categorically rejected the plaintiff's proposition. In *Fitzgibbon*, the court noted that a waiver of protection of information due to disclosure did not waive an agency's ability to withhold similar information concerning earlier and later periods of time. *Fitzgibbon*, 911 F.2d at 766. Accordingly, the court concludes that the fact that the CIA disclosed its intelligence budget for 1963 does not preclude it from claiming Exemption 3 protection for the rest of the information the plaintiff seeks.

### 4. The Court Denies The Plaintiff's Motion to Strike

In addition to his motion for summary judgment, the plaintiff filed a motion to strike the declaration of ADCI McLaughlin pursuant to Federal Rule of Civil Pro-

cedure 12(f) because it contains material false statements. Specifically, the plaintiff asserts that ADCI McLaughlin's statement that "[t]he aggregate intelligence budgets and the total CIA budges have never been publically identified" is false. Pl.'s Mot. to Strike at 3.

■ Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. PRO. 12(f). A "pleading" includes a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer. FED.R.CIV.P. 7(a). Thus, by the plain terms Rule 12(f), the rule cannot be used to strike an affidavit. *Accord Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir.1997) (noting that Rule 12(f) has "no applicability" to affidavits); *Transamerica Leasing, Inc. v. La Republica de Venezuela*, 21 F.Supp.2d 47, 55–56 (D.D.C.1998) (stating that declarations "[a]re not pleadings subject to a motion to strike pursuant to Rule 12(f)"). But, because the court construes a *pro se* litigant's filings liberally, the court addresses the merits of the plaintiff's argument. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C.Cir.2002).

■ The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664–65 (7th Cir.1992) (citing *Alvarado–Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir.1988)). On its own initiative or on a party's motion, the court may strike from a pleading[3] any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter in order to avoid the time, effort, and expense necessary to liti-

---

3. A "pleading" includes a complaint, answer, reply to a counterclaim, answer to a cross- claim, third-party complaint, or third-party answer. FED.R.CIV.P. 7(a).

gate spurious issues. FED.R.CIV.P. 12(f); *Fantasy, Inc. v. Fogerty, Inc.*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

Courts disfavor motions to strike. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C.Cir.1981) (citing 5C FED. PRAC. & PROC. 2d § 1380 at 783); *accord Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y.1991); *Mirshak v. Joyce*, 652 F.Supp. 359, 370 (N.D.Ill.1987); *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D.Conn. 1979). The rule does not by its terms require the striking of matters that are prejudicial. FED.R.CIV.P. 12(f). Yet, because courts view motions to strike with such disfavor, many courts will grant such motions only if the portions sought to be stricken are prejudicial or scandalous. *Makuch v. FBI*, 2000 WL 915767, at *2, 2000 U.S. Dist. LEXIS 9487, at *7 (D.D.C. Jan. 6, 2000); *e.g., Wiggins v. Philip Morris, Inc.*, 853 F.Supp. 457, 458 (D.D.C. 1994); *see also* 5A FED. PRAC. & PROC. 2d §§ 1380, 1382. Thus, absent a "strong reason for so doing," courts will generally "not tamper with pleadings." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976); *Lennon v. Seaman*, 63 F.Supp.2d 428, 447 (S.D.N.Y.1999).

 In considering a motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553–54 (D.Haw.1998); *Joe Hand Promotions, Inc. v. Nekos*, 18 F.Supp.2d 214, 218 (N.D.N.Y. 1998); *Seibel v. Society Lease, Inc.*, 969 F.Supp. 713, 715 (M.D.Fla.1997). Consequently, the burden lies with the movant. *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F.Supp.2d 1028, 1033 (N.D.Ill.1998). The court's review of the contested affidavit demonstrates that, in

context, the ADCI McLaughlin's statement refers to the fact that Congress has not disclosed aggregate intelligence budgets. McLaughlin Decl. ¶ 15. The ADCI does not claim that the CIA itself has never disclosed aggregate intelligence budgets. In fact, the defendant itself has advised the court that it has disclosed the aggregate intelligence budget for Fiscal Years 1997 and 1998. Tenet Decl., *Aftergood v. CIA*, No. 02–1146 (D.D.C.2004) ¶¶ 16–17. The court concludes that the plaintiff fails to meet the high burden necessary for the court to strike an affidavit and that the ADCI McLaughlin's statement that "[t]he aggregate intelligence budgets and the total CIA budges have never been publically identified" is not a materially false statement.

The plaintiff next points to a letter that he has obtained from the papers of former Senator Styles Bridges. The letter indicates that in 1955 the C.I.A.'s budget was $335 million. The plaintiff argues that the fact that a Senator disclosed the C.I.A.'s 1955 budget renders false the ADCI McLaughlin's statement that Congress has never publically identified aggregate intelligence budgets. Once again, the plaintiff cites no legal authority to support his implicit conclusion that the disclosure of information in a former senator's papers should be imputed to Congress as a whole. The court is unwilling to create such a rule of law. Accordingly, the fact that C.I.A. budget information, even if true, is accessible from a former senator's papers does not rise to the level of rendering the ADCI McLaughlin's affidavit materially false.

Finally, even if the ADCI McLaughlin's affidavit contained false information, the court would merely excise the false statement. There is no support for the proposition that one inaccurate sentence in a thirteen page affidavit would compel the court to strike the affidavit in its entirety

and enter summary judgment in favor of the plaintiff. In sum, the plaintiff's challenges to ADCI McLaughlin's affidavit are a rehash of arguments the court has already rejected. The gravamen of the plaintiff's challenge to ADCI McLaughlin's affidavit is that because some aggregate intelligence budgets have been publically identified, the plaintiff has either: 1) "proven" that disclosure of intelligence budgets would not reveal intelligence sources and methods; or 2) demonstrated that the defendant has waived its ability to withhold any other aggregate intelligence budget information. The court has already rejected these arguments.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for summary judgment, denies the plaintiff's motion to strike, and grants the defendant's cross-motion for summary judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of February, 2005.