

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-1999

# Local 19 v. Herre Bros. Inc

Precedential or Non-Precedential:

Docket 97-7552

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Local 19 v. Herre Bros. Inc" (1999). *1999 Decisions.* Paper 336.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/336

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 30, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 97-7552, 97-7553, 97-7554, & 97-7555

SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION LOCAL 19
      Appellee/Cross-Appellant

v.

HERRE BROS., INC.
      Appellant/Cross-Appellee

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 95-cv-02131
(Honorable Sylvia H. Rambo)

Argued April 26, 1999

Before: SCIRICA, ROTH and MCKAY,* Circuit Judges

(Opinion filed: December 30, 1999)

_____

* Honorable Monroe G. McKay, Circuit Judge, United States Court of
Appeals for the Tenth Circuit, sitting by designation.

Ronald M. Katzman, Esquire
 (Argued)
Steven E. Grubb, Esquire
Goldberg, Katzman & Shipman, P.C.
320 Market Street
Strawberry Square
P. O. Box 1268
Harrisburg, PA 17108

Thomas R. Davies, Esquire (Argued)
Harmon & Davies, P.C.
2306 Columbia Avenue
Lancaster, PA 17603

 Attorneys for Herre Bros., Inc.
 Appellant at 97-7552 and
 97-7553/Cross-Appellee at
 97-7554 and 97-7555

Bruce E. Endy, Esquire (Argued)
Spear, Wilderman, Borish, Endy,
 Spear and Runckel
230 South Broad Street -
 Suite 1400
Philadelphia, PA 19102

 Attorney for Sheet Metal Workers'
 International Association Local 19
 Appellee at 97-7552 and
 97-7553/Cross Appellant at
97-7554 and 97-7555

OPINION OF THE COURT

MCKAY, Circuit Judge

These appeals and cross-appeals arise from a dispute between Plaintiff Sheet Metal Workers' International Association Local 19 [Union], Defendant Herre Bros., Inc., and a third party, Sheet Metal Contractors Association of Central Pennsylvania [SMCA] concerning the enforcement of a collective bargaining agreement. The dispute revolves around Herre Bros.' attempt to revoke its bargaining rights

in the SMCA with the intent that it would not be bound by a later-negotiated agreement between the SMCA and the Union to be effective from 1995 to 1998. The Union sued Herre Bros., asserting that Herre Bros. was bound to the 1995 agreement. The district court granted summary judgment to the Union on that issue and, after a trial on damages, ordered specific performance of the 1995 agreement. Herre Bros. appealed those rulings, arguing that because it had revoked its bargaining rights from the SMCA it could not be bound by the 1995 agreement. For a more detailed explanation of the facts and history of the entire dispute, see Sheet Metal Workers' Internat'l Ass'n Local 19 v. Herre Bros., Inc., No. 97-7450 (3d Cir., December 30, 1999). In these appeals, Herre Bros. repeats its previous arguments; the Union cross-appeals, arguing that the court erroneously measured damages by excluding lost wages. The threshold issue is whether these appeals and cross-appeals should be dismissed for lack of jurisdiction. Further explanation of the procedural posture of this case is necessary.

In its summary judgment order filed September 16, 1996, the district court determined that Herre Bros. was bound to the 1995 collective bargaining agreement with the Union because its conduct after it withdrew its bargaining rights from the SMCA invalidated that withdrawal. See App., Vol. II at 256A, 266A. After a trial on damages, the district court filed an order on August 27, 1997, in which it granted judgment to the Union in the amount of $325,203.98; required Herre Bros. to provide the Union with an accounting of all hours worked by nonunion workers after September 27, 1996; allowed the Union to file a supplemental brief requesting damages to union funds resulting from Herre Bros.' failure to utilize union workers after September 27, 1996, and allowed Herre Bros. to file a reply brief thereto; directed Herre Bros. to specifically perform the 1995 agreement between the Union and the SMCA until it expired in 1998; and directed the clerk of the court "to defer entry of judgment until the conclusion of this case." Attach. to Appellant's Br. (Aug. 27, 1997 Order). Herre Bros. timely filed a notice of appeal on September 14, 1997.

3

In that appeal, No. 97-7450, we determined that the August 27 Order was not final within the meaning of 28 U.S.C. S 1291 because it did not conclusively dispose of the damages issues in the case and because it deferred entry of judgment until a later undetermined time. We concluded, however, that the portion of the order directing specific performance was immediately appealable as an interlocutory order under 28 U.S.C. S 1292(a)(1), and we addressed the merits of the case, affirming the district court. See Sheet Metal Workers', No. 97-7450 (3d Cir., December 30, 1999).

The appeals at issue here were filed in response to two district court orders entered after the August 27 Order. In the first, filed September 19, 1997, pursuant to Fed. R. Civ. P. 62(c), the district court granted Herre Bros.' motion to stay pending appeal the portion of the August 27 Order directing specific performance. See App., Vol. I at 13A. The court also attempted to amend both the September 16, 1996 summary judgment order and the August 27 Order by directing that judgment in the case would be entered on September 19, 1997. See id.

Second, on September 23, 1997, the district courtfiled another order in which it corrected clerical errors contained in the judgment that was filed pursuant to the September 19 Order. Otherwise the substance of the September 19 and September 23 Orders is identical.

Apparently in an effort to protect their rights of appeal, Herre Bros. filed notices of appeal and the Unionfiled notices of its cross-appeals from both the September 19 and September 23 Orders. The parties phrased their notices of appeal and cross-appeal as though the September 19 and September 23 Orders are final judgments. Because the appeals that are the subject of this decision essentially mirror the appeal in No. 97-7450 over which we possessed jurisdiction, our decision in No. 97-7450 conclusively answers the issues raised in these appeals, with the exception of the issue of damages raised in the Union's cross-appeals. Accordingly, we still must determine whether the September 19 and September 23 Orders provide this court with jurisdiction over the remaining damages issue on cross-appeal.

4

It is well established that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).1 Likewise, a notice of appeal from an unappealable order does not deprive the district court of jurisdiction. See United States v. Rodgers, 101 F.3d 247, 251-52 (2d Cir. 1996); Ruby v. Secretary of United States Navy, 365 F.2d 385, 389 (9th Cir. 1966). Exceptions to the rule in Griggs allow the district court to retain jurisdiction to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal and the granting or vacating of bail. See Bensalem Township v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1314 & n.9 (3d Cir. 1994) (describing some exceptions to general rule); Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988) (same); see also Fed. R. App. P. 7-11; Fed. R. Civ. P. 60(a); Gillis v. Hoechst Celanese Corp., 4 F.3d 1137, 1139 n.1 (3d Cir. 1993) (holding that appellant was not required to file second notice of appeal from order making corrections of clerical nature to final order); Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 895 F.2d 711, 713 (11th Cir. 1990) (delineating exceptions such as the "authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded").

In light of these principles and because the August 27, 1997 Order was properly appealable as an interlocutory order under 28 U.S.C. S 1292(a)(1), the district court did not have jurisdiction to enter the September 19, 1997 Order, except for the portion of the order staying specific performance.2 To the extent that it granted a stay pending

_____

1. Fed. R. App. P. 4(a)(4) was amended effective December 1, 1993, to allow a premature notice of appeal to become effective upon the denial of a motion under Fed. R. Civ. P. 59. See Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 587 (3d Cir. 1999).

2. The court also properly stayed the portion of the August 27 Order that directed an accounting and supplemental briefing on damages.

appeal, the September 19 Order is valid. The remainder of
the September 19 Order, however, is void for lack of
jurisdiction.
 837<!>Although the district court's September 23 Order

appeared only to correct a clerical mistake in its September
19 Order, which it generally would retain jurisdiction to do,
see Gillis, 4 F.3d at 1139 n.1, the September 23 Order is
void for the same reasons as the void September 19 Order.

As a result, there is no final judgment from which these
appeals and cross appeals are taken, and we DISMISS both
appeals and cross-appeals in these cases for lack of
jurisdiction.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

                        6