**MCKESSON HBOC, INC., et al., Plaintiffs,**

v.

**ISLAMIC REPUBLIC OF IRAN, et al., Defendants.**

**No. CIV.A. 82–0220RJLDAR.**

United States District Court, District of Columbia.

April 7, 2004.

**64**

Brooke Clagett, Esquire, Morgan Lewis & Bockius LLP, Washington, DC, for Plaintiff.

Henry M Lloyd, Esquire, Cadeaux & Taglieri, P.C., Washington, DC, for Defendant.

## *ORDER*

DEBORAH ANN ROBINSON, United States Magistrate Judge.

By an Order filed on January 23, 2004, the trial court denied the Motion for Protective Order and to Shorten Time or to Certify Issues for Immediate Appeal (Docket No. 660). January 23, 2004 Order (Docket No. 679) filed by Defendant Islamic Republic of Iran ("Iran"). On February 20, 2004, Defendant Iran filed a Notice of Appeal from the trial court's January 23, 2004 Order. Notice of Appeal (Docket No. 695). Defendant Iran now "moves for an order confirming the automatic stay of further proceedings in this Court resulting from the appeal noted from the Court's Order of January 24, 2004[sic]." Motion to Confirm Automatic Stay (Docket No. 693).[1] In the memorandum in support of its motion, Iran submits that "[a]ll 'aspects' of

---

1. Iran also "contingently moves" for an extension of time of ten days from the date of any order denying the stay in which to file its replies to Plaintiffs' Opposition to Defendant Iran's motion to compel. Contingent Motion for Extension of Time (Docket No. 704). Plaintiffs ask that Defendant Iran be allowed no more than three days. Opposition to Iran's Contingent Motions for Extension of Time to Complete Discovery and File Reply Briefs in Support of Discovery Motions (Docket No. 706) at 1.

this case are placed in issue by this appeal[,]" and that the appeal "is clearly a proper 'collateral order' appeal[.]" Memorandum in Support of Motion to Confirm Automatic Stay ("Defendant Iran's Memorandum") at 2, 3.

Plaintiffs, in their opposition, maintain that Defendant Iran's Motion to Confirm Automatic Stay is without merit. More specifically, Plaintiffs submit that the order from which Iran took an appeal is not an appealable order, and that a notice of appeal of an "unappealable" order does not divest the district court of jurisdiction. McKesson Plaintiffs' Memorandum in Opposition to Iran's Motion to Confirm Automatic Stay ("Plaintiffs' Opposition") (Docket No. 698) at 7 [unnumbered]. Additionally, Plaintiffs submit that the January 23, 2003 Order denying Defendant Iran's motion for a stay of discovery is not a collateral order subject to interlocutory appeal. *Id.* at 10–15 [unnumbered].

Defendant Iran, in its reply, states that it does not contest the first argument advanced by Plaintiffs, *i.e.*, that a notice of appeal from an unappealable order does not divest a district court of jurisdiction. Reply to Opposition to Motion to Confirm Automatic Stay ("Defendant Iran's Reply") (Docket No. 702) at 1. With no citation of direct authority, Defendant Iran submits that "in this Circuit the decision whether this Court may proceed is reserved to the court of appeals, so the case is automatically stayed until the Circuit Court acts." *Id.* at 2.

Counsel for Plaintiffs and for Defendant Iran appeared before the undersigned on March 30, 2004 for oral argument with respect to Defendant Iran's Motion to Confirm Automatic Stay. Defendant Iran conceded that the term "automatic stay" is a misnomer. In response to the under-signed's question regarding the effect of the order of the trial court denying Defendant Iran's motion to certify issues for immediate appeal (Docket No. 660), Defendant Iran's counsel said that the order "is not relevant to anything." Plaintiffs principally maintained that the order from which Defendant Iran appealed is not an appealable order, and that Iran's filing of the notice of appeal does not divest this court of jurisdiction. Plaintiffs relied upon the decision of this circuit in *United States v. DeFries*, 129 F.3d 1293 (D.C.Cir.1997), and the other authorities cited in their written opposition.

**DISCUSSION**

■ Upon consideration of Defendant Iran's Motion to Confirm Automatic Stay; the memoranda in support thereof and in opposition thereto; the oral arguments of counsel and the relevant record herein, Defendant Iran's Motion to Confirm Automatic Stay will be denied. First, the undersigned finds, as Defendant Iran readily concedes, that the term, "automatic stay" is a misnomer. Since an "automatic stay" is but a construct upon which Defendant Iran's motion is predicated, the undersigned cannot "confirm" it.

■ Second, the undersigned finds that the order which was the subject of Defendant Iran's notice of appeal is not an appealable order.[2] The United States Code provides for appeals to the courts of appeals of only two categories of decisions: "final decisions," and "interlocutory decisions." Section 1291 of Title 28 of the United States Code provides for the appeal of "all final decisions" of the district courts. 28 U.S.C. § 1291. Defendant Iran does not suggest that the order which

---

2. Defendant Iran offers no authority for the proposition that an order denying a motion for protective order to stay discovery is an appealable order.

was the subject of its notice of appeal is a "final [decision][.]"

Two provisions of Section 1292 govern interlocutory decisions. The first is limited to orders with respect to injunctions, receiverships and admiralty cases, and plainly is inapplicable here. 28 U.S.C. § 1292(a). The second provision of Section 1292 allows a district court to "state in writing" that "an order not otherwise appealable under this section ... involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). However, the assigned district judge has already denied Defendant Iran's motion to certify issues for immediate appeal. January 23, 2004 Order (Docket No. 679).

■ It is settled that a notice of appeal from an unappealable order does not divest the district court of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (citing *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir.1966) (en banc)); *DeFries*, 129 F.3d at 1301–1302 (citation omitted) (noting exception to the general rule that the district court is divested of jurisdiction until the court of appeals issues its mandate where it is "an interlocutory appeal from a non-appealable order."); *Sheet Metal Workers' International Association Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir.1999) (citation omitted) ("notice of appeal from an unappealable order does not deprive the district court of jurisdiction."); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir.1993) (citation omitted) ("The transfer of jurisdiction from the district court to the court

of appeals is not effected, however, if a litigant files a notice of appeal from an unappealable order."); *United States v. 397.51 Acres of Land,* 692 F.2d 688, 693 (10th Cir.1982) (citation omitted) ("The filing of a notice of appeal divests the district court of jurisdiction with two recognized exceptions: (1) untimeliness of the notice, and (2) dependence on an unappealable order."). Defendant Iran's motion therefore must be denied on this additional ground.

**CONCLUSION**

It is, therefore, this 7th day of April, 2004,

**ORDERED** that Defendant's Motion to Confirm Automatic Stay (Docket No. 693) is **DENIED;** and it is

**FURTHER ORDERED** that Defendant's Contingent Motion for Extension of Time (Docket No. 704) is **GRANTED IN PART,** and that Defendant Iran shall file its replies to Plaintiffs' oppositions to Defendant's Motion to Compel Discovery Responses (Docket No. 682) and Defendant's Motion to Compel Discovery Responses (Docket No. 690) no later than Monday April 12, 2004.[3]