**CORRECTED OPINION**

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-7688**

———————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KEVIN GEDEON, a/k/a Cash,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:09-cr-00030-JPB-JES-2; 3:11-cv-00069-JPB)

———————————

Submitted: February 26, 2013            Decided: March 15, 2013

———————————

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

———————————

Affirmed as modified by unpublished per curiam opinion.

———————————

Kevin Gedeon, Appellant Pro Se. Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In United States v. Gedeon, 487 F. App'x 822 (4th Cir. 2012) (No. 12-6959), we denied a certificate of appealability and dismissed Kevin Gedeon's appeal from the district court's order adopting the recommendation of the magistrate judge and denying Gedeon's 28 U.S.C.A. § 2255 (West Supp. 2012) motion. During the pendency of that appeal, Gedeon filed in the district court a motion to file objections to the report and recommendation. The district court denied that motion on the merits. Gedeon now appeals. We affirm for the reason set forth within.

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Therefore, a timely-filed "notice of appeal confers jurisdiction on the court of appeals 'and divests the district court of its control over those aspects of the case involved in the appeal.'" Dixon v. Edwards, 290 F.3d 699, 709 n.14 (4th Cir. 2002) (quoting Griggs, 459 U.S. at 58).

Though not based on statutory provisions or rules of procedure, this rule was devised by courts "in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." United States v. Montgomery, 262 F.3d 233, 239-40 (4th Cir.

2

2001) (internal quotation marks omitted). Consequently, jurisdiction over a particular subject or issue is exercised by only one court at a time, and "a district court may not interfere with [an appellate court's] jurisdiction by amending a decision that is under appellate review." United States v. McHugh, 528 F.3d 538, 540 (7th Cir. 2008).

Although there are exceptions to this doctrine, such exceptions generally pertain to issues either wholly collateral to those raised in the appeal or in aid of the appeal. See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999); Montgomery, 262 F.3d at 239-40. No exception applies in this case.

Here, the filing of the notice of appeal in No. 12-6959 deprived the district court of jurisdiction over Gedeon's motion for leave to file objections to the magistrate judge's report and recommendation. Accordingly, we grant a certificate of appealability for the purpose of modifying the district court's order to reflect that the motion was denied for want of jurisdiction and affirm the order as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

3