**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1062
_____

JASON COLLURA,
                                        Appellant

v.

CITY OF PHILADELPHIA;
P/O CEDRIC WHITE, Individual Capacity;
P/O JOSEPH CORVI, Individual Capacity;
P/O DANIEL DAVIS, Individual Capacity;
P/O MARIA ORTIZ-RODRIGUEZ, Individual Capacity;
P/O JERROLD BATES, individual Capacity;
ALLIEDBARTON SECURITY SERVICES LLC;
DANIEL ROSIELLO; DIANE KOLWASKI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-04398)
District Judge:  Honorable Jan E. DuBois
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2014
Before:  HARDIMAN, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: October 27, 2014)

_____

OPINION
_____

PER CURIAM

Jason Collura appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania, which dismissed his civil rights complaint. We will affirm.

I. Background

As the parties[1] are familiar with the facts and procedural history of the case, we include only a brief summary. In July 2012, Collura filed a civil rights complaint in the Court of Common Pleas for Philadelphia County, but the Defendants removed the matter to the District Court. The Court denied Collura's motion to remand the matter to state court. On the Defendants' motions to dismiss for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), and the City Defendants' motion to strike, see Fed. R. Civ. P. 12(f), the Court dismissed the complaint without prejudice to the filing of an amended complaint. The District Court dismissed the First Amended Complaint without prejudice, noting that it did not differ in any material way from the defective original complaint. In his Second Amended Complaint, Collura dropped his federal claims, and he filed another motion to remand to the state court. By order entered July 31, 2013, the District Court denied his motion to remand, dismissed some claims with prejudice, and allowed some claims to go

---

[1] Collura sued two groups of defendants: (1) AlliedBarton Security Service LLC, and (starting with his First Amended Complaint) two of its employees, Daniel Rosiello, and Diane Kowalski ("AlliedBarton"); and (2) the City of Philadelphia, Police Officers Cedric White, Joseph Corvi, and Daniel Davis, Sergeant Maria Ortiz-Rodriguez, and Inspector Jerrold Bates (the "City Defendants").

forward.  The District Court ordered the parties to meet and provide the District Court with a Case Management Order by August 30.

Collura failed to meet with opposing counsel to discuss the Case Management Order; instead, on August 28 he filed a notice of appeal.[2]  The District Court ordered Collura to show cause at a hearing on September 24 why appropriate sanctions, including dismissal of the action with prejudice, should not be imposed for his violation of the July 31 order.  Instead of attending the hearing, Collura filed several motions.  After considering the factors outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), the District Court dismissed the Second Amended Complaint as a sanction.  The Court denied Collura's subsequent motion for reconsideration, and Collura appealed.

II.  Jurisdiction and Scope of Appeal

The parties dispute the scope of our jurisdiction.  Collura argues that we have jurisdiction to consider all orders entered by the District Court; the AlliedBarton Appellees contend that because Collura explicitly designated only the District Court's last two orders in his notice of appeal, we may review only those orders.  We agree with Collura.

Collura filed a timely notice of appeal from the District Court's December 11

---

[2] We dismissed that appeal for lack of appellate jurisdiction.  See Collura v. City of Phila., C.A. No. 13-3669 (3d Cir. Nov. 5, 2013).

denial of his timely motion for reconsideration. We thus have jurisdiction to review that order, the earlier order targeted by the Rule 59(e) motion (an order entered on November 14 (dkt. #97)), and preceding orders designated in the notice of appeal. See Fed. R. App. P. 3(c)(1)(B) and 4(a)(4)(A). We also have jurisdiction to review "orders that are not specified in the notice of appeal where: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Cortez v. Trans Union, LLC, 617 F.3d 688, 695 n.2 (3d Cir. 2010) (internal quotation and citation omitted). The orders here are interconnected, as will become evident from our discussion. Collura's intention to appeal all orders is apparent, if not from the notice of appeal, at least from his opening brief.[3] See id. (finding jurisdiction to review earlier order although parties only designated one order in notices of appeal because, "in their briefs it is clear that both parties are also appealing" the earlier order). And because the Defendants were on notice of Collura's intent to appeal all orders, they are not prejudiced by our review.

---

[3] Collura's notice of appeal, besides listing the December 11 and November 14 orders, also states: "This notice encompasses every single prior gift/favor in the agenda that lasted 17 months." Dkt. #101. While it is not clear from that language, we discern from some of his prior filings in the case that he refers to the District Court's orders as "gifts" or "favors" in a misguided attempt to impugn the District Court. We do not in any way condone Collura's pejorative writing style, but we have no doubt that AlliedBarton and the other Defendants could tell that he meant to appeal all orders entered in the District Court.

III. District Court Orders

A. Denials of Motions to Remand

Collura challenges the District Court's order (dkt. #13) denying his motion to remand the matter to state court, arguing that "the district court never had original jurisdiction in the matter."[4] We disagree. Collura's complaint clearly invoked the First, Fourth, and Fourteenth Amendments of the Constitution, and 42 U.S.C. § 1983. The District Court thus had original jurisdiction to consider those claims, see 28 U.S.C. § 1331, and had supplemental jurisdiction to consider his related state-law claims, see 28 U.S.C. § 1367. Removal was therefore proper under 28 U.S.C. § 1441, and remand was not required. See Green v. America Online (AOL), 318 F.3d 465, 470 (3d Cir. 2003). Collura also challenges the District Court's later orders denying removal (Dkt. #67 and #94). He believes that because he dropped his federal claims from his Second Amended Complaint, the District Court was required to remand his case to state court. However, federal jurisdiction cannot be defeated by amending a complaint to eliminate federal claims after removal. See Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir 1979); see also Ortiz-Bonilla v. Federación de Ajedrez de Puerto Rico, Inc., 734 F.3d 28, 36 (1st Cir. 2013) ("It is immaterial that a claimant in retrospect views her federal claims as surplus, or after removal, moves to strike the federal claims."). The

---

[4] We exercise plenary review over a district court's denial of a motion to remand a matter. Green v. America Online (AOL), 318 F.3d 465, 470 (3d Cir. 2003).

5

District Court had subject matter jurisdiction over the removed complaint, and retained

jurisdiction even when Collura attempted to defeat its jurisdiction by removing the

federal claims.  See id.

### B.  Denial of Motions for Recusal

To the extent that Collura seeks review of District Court orders denying his

motions for recusal, we reiterate what we said when denying Collura's petition for a writ

of mandamus that sought the same relief:[5]

> A litigant's displeasure with the District Court's legal rulings is not an
> adequate basis for recusal.  Securacomm Consulting, Inc. v. Securacom
> Inc., 224 F.3d 273, 278 (3d Cir. 2000).  "[O]pinions formed by the judge on
> the basis of facts introduced or events occurring in the course of the current
> proceedings, or of prior proceedings, do not constitute a basis for a bias or
> partiality motion unless they display a deep-seated favoritism or
> antagonism that would make fair judgment impossible."  Liteky v. United
> States, 510 U.S. 540, 555 (1994).  Here, it is clear from Collura's motion
> for recusal that he is simply displeased with the District Court's legal
> rulings denying his motion to remand the matter to the state court and
> requiring him to file an amended complaint deleting inappropriate
> language.

In re Jason Collura, C.A. No. 13-1842 (3d Cir. Apr. 12, 2013).  We have thoroughly

examined the District Court record, and we conclude that the Court did not abuse its

discretion in denying Collura's recusal motions, as there is simply no evidence of bias.

---

[5] We review the denial of a recusal motion for an abuse of discretion.  United States v.
Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013).

C. Orders Dismissing Claims of Initial Complaint Without Prejudice[6]

1. City Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(f)

A district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). We agree with the District Court that Collura's initial complaint, replete with abusive language and ad hominem attacks, was "outrageous and wholly inappropriate."[7] The District Court did not abuse its discretion in dismissing the initial complaint without prejudice on this basis.

2. AlliedBarton's 12(b)(6) Motion

Despite the objectionable language, the District Court also considered the legal sufficiency of Collura's allegations. The Court properly dismissed the federal claims against AlliedBarton, as nothing in Collura's initial complaint would allow the Court to infer that AlliedBarton, a private actor, would be liable under 42 U.S.C. § 1983. See

---

[6] Our review of a district court's order granting a motion to dismiss for failure to state a claim is plenary. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Review of a court's grant of a motion to strike pursuant to Rule 12(f) is for an abuse of discretion. Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007).

[7] By way of example, he referred to certain Defendants as "creeps," "scumbags," and "slop."

7

Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984) (for a private party to be liable for police actions it must, (1) have a "pre-arranged plan" with officers, and (2) officers must substitute private party's judgment for their own).[8] We further agree that Collura's complaint did not contain factual matter that would allow the Court to infer that the AlliedBarton Defendants were liable for false arrest, false imprisonment, or intentional infliction of emotional distress.

### 3. City Defendants' 12(b)(6) Motion

We similarly agree that the District Court properly dismissed certain of Collura's claims against the City Defendants: (1) the claims against Sergeant Ortiz-Rodriguez and Inspector Bates based on their inadequate investigation of his claims against the arresting officers, see Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) (no statutory, common law, or constitutional right to investigation of another); (2) the tort claims against the City of Philadelphia, see 42 Pa. Cons. Stat. Ann. §§ 8541-42[9]; (3) the intentional infliction of emotional distress claims, as Collura's complaint did not contain

---

[8] We agree with the District Court that even under the less rigorous "set in motion" test, which we have not adopted, Collura's complaint did not contain matter that would allow the Court to infer that Allied Barton or its employees knew or should have known that Collura's constitutional rights would be violated. See e.g. Morris v. Dearborne, 181 F.3d 657, 672 (5th Cir. 1999) (to establish liability under § 1983, plaintiffs could prove that defendant "set in motion events that would foreseeably cause the deprivation of Plaintiffs' constitutional rights").

[9] Pursuant to the Political Subdivision Tort Claims Act, the City is immune to claims for monetary damages "except with respect to eight specific types of tortious conduct, none of which is applicable here." Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 600 (3d Cir. 1998).

allegations that would rise to the level of "extreme and outrageous" conduct, see

McGreevy v. Stroup, 413 F.3d 359, 371 (3d Cir. 2005); (4) the claims for declaratory and

injunctive relief, as it does not appear from the complaint's allegations that there is a

substantial likelihood that Collura will suffer further injury, see ZF Meritor, LLC v.

Eaton Corp., 696 F.3d 254, 301 (3d Cir. 2012); and (5) claims for monetary damages

under the Pennsylvania constitution, see Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa.

Commw. 2006) ("[N]either Pennsylvania statutory authority nor appellate case law has

authorized the award of money damages for violation of the Pennsylvania

Constitution.").

The District Court noted that but for the objectionable language of Collura's

complaint, certain claims against the City Defendants would be allowed to proceed. The

Court gave Collura 30 days in which to file an amended complaint "which complies in all

respects with the ruling on" the Rule 12(f) motion. The Court also allowed Collura to

include claims dismissed pursuant to Rule 12(b)(6) "if warranted by the facts and the

law" set forth in the Court's memorandum. Dkt. #26.

D.  Order Dismissing First Amended Complaint Without Prejudice

As noted, Collura eventually filed a First Amended Complaint, which substituted

the words "what Plaintiff said before" for terms that the Court had found objectionable.

The District Court properly dismissed this complaint, as it was virtually identical to the

original complaint, and Collura conceded that the complaint was not intended to comply

with the Court's earlier ruling.[10]  In his response to the City Defendants' motion to dismiss the First Amended Complaint, Collura asserted that he would be successful in his interlocutory appeal and stated:

> [T]here will be an appeal of the disgraceful dismissal as favor, also to get rid of the perpetrator.  In other words, Plaintiff is standing on his complaint.  Now none of you will ever be getting any type of break in this matter from this plaintiff, however slight, so therefore Plaintiff, just for docketing purposes, timely put a first amended complaint on it.  It's for the docket and nothing else, as Plaintiff did not comply with any invalid and bogus advice from the offenders' friend [the judge].

Dkt. #45 at 2-3.  In spite of Collura's expression of disdain, the Court generously gave Collura another opportunity to file an amended complaint that complied with its earlier order.  Dkt. #51.  The Court also correctly noted that "contrary to plaintiff's statements, the filing of an amended complaint which asserts claims that arose out of the conduct or occurrence set out in the original complaint relates back to the date of filing of the original complaint pursuant to Federal Rule of Civil procedure 15(c)."  Id.; see also Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 309-10 (3d Cir. 2004).

     E.  Orders Dismissing Second Amended Complaint

Collura's second amended complaint eliminated the federal claims, but it did not include additional factual matter to cure any of the deficiencies of the remaining claims. Having given Collura two chances to amend his complaint, the District Court properly

---

[10] In the same order, the District Court denied Collura's motion to reconsider the order that dismissed his original complaint and denied his request to file an interlocutory appeal.  Dkt. #51.  We perceive no error in these rulings.

10

dismissed the deficient claims with prejudice. The District Court determined that the false arrest and illegal imprisonment claims against Police Officers Cedric White, Joseph Corvi, and Daniel Davis could proceed. The Court also ordered the parties to "meet and confer and provide the Court with a Case Management Order pursuant to Federal Rule of Civil Procedure 26(f) on or before August 30, 2013." Dkt. 67 at 3.

On August 30, the City Defendants filed a proposed case management plan and cover letter. The letter noted that Collura had not responded to their three attempts in the previous month to schedule a telephonic Rule 26(f) conference. Dkt. 70 at 1. On August 28, Collura served a notice of appeal on the City Defendants, stating in his cover email, "[a]s you know this stops everything. . . . As you also know there will be no discovery on this claim and mostly all that will be reinstated and heard in Common Pleas as well." Dkt. 70 at 7.[11] The District Court then issued an order directing Collura to appear on September 24 and show cause "why appropriate sanctions, including dismissal of the action with prejudice, should not be imposed by reason of the conduct of the *pro se* plaintiff in failing to comply with the July 31, 2013 Order." Dkt. #71 at 2.

Collura filed a "Motion to Stay Non Jurisdictional Proceedings" on September 11. The District Court denied the motion on September 18 and reiterated that Collura must

---

[11] Collura was not correct. We lacked jurisdiction over his premature appeal, see supra n.2, and the District Court thus retained jurisdiction over the proceedings. See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999) (appeal from an unappealable order does not divest the district court of jurisdiction).

11

attend the show cause hearing. The same day, Collura filed a motion in our Court to stay the District Court proceedings pending disposition of his premature appeal. We denied the motion on September 20. Collura v. City of Phila., C.A. No. 13-3669.

On September 24, Collura filed a number of motions: "Plaintiff's Renewed Motion for Summary Judgment," "Renewed Motion to Stay,"[12] and a "Motion for Postponement of Non Jurisdictional Hearing," but he did not attend the hearing. The motions characterized the hearing as "bogus" and "rigged." In his Motion for Postponement, Collura stated that he would not be attending the show cause hearing because he had "developed a flesh eating disease" that was "highly contagious." Collura averred that the disease was "expected to last 3-6 months, so the bogus purported September 24th hearing should be postponed indefinitely." Dkt. 79 at 1. Given the tenor of a number of Collura's filings, including the motion for postponement,[13] the District Court doubted Collura's excuse and ordered him to provide medical documentation. Dkt.

---

[12] The District Court had properly denied without prejudice Collura's earlier motion for summary judgment, as no discovery had taken place. Dkt. #76, see Fed. R. Civ. P. Rule 56(b) and commentary ("[I]n many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."). The Court also had properly denied Collura's first motion for a stay, as Collura's appeal was premature. Dkt. #75, see Sheet Metal Workers, 198 F.3d at 394. As the procedural posture of the case had not meaningfully changed, the Court similarly was correct to deny Collura's renewed motions. Dkt. #87.

[13] For example, the Motion for Postponement also stated that because Collura had "responded in writing to this out of control court's threats of bogus sanctions numerous times, there is no requirement for a hearing to take place." Dkt. #79 at 2.

12

#87.

Collura then filed three motions, all of which showed disdain for the Court.[14]  In his motion for reconsideration, Collura stated, "you will get no note, this is not grade school."  Dkt. #91 at 1.  Given Collura's refusal to document his medical reasons for failing to appear at the hearing, the District Court did not abuse its discretion in denying his motion to postpone the show cause hearing.  See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002) (district court did not abuse its discretion in dismissing claims when, among other things, plaintiff failed to submit documentation of medical problems that prevented his compliance with court orders).

We also find that the District Court did not abuse its discretion in dismissing the second amended complaint with prejudice, pursuant to Poulis.  To determine if the District Court abused its discretion, "we will be guided by the manner in which [it] balanced the following factors . . . and whether the record supports its findings:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an

---

[14] Collura's "Motion to Decline Supplemental Jurisdiction and Remand Under 28 U.S.C. 1367(c)" stated, "This is your last chance to remand before your bosses do it for you."  It also referred to the Court as an "excuse of a court."  Dkt. #89 at 1-2.  In his "Motion for Recusal" and his motion for reconsideration of the October 16 order, Collura again referred to the Court as an "excuse of a court" and referred to the Court's orders as "favors" and "jokes."  Dkt. #90 at 2, Dkt. #91 at 1.

13

analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868 (emphasis omitted).

We agree with the District Court that the first Poulis factor, which focuses on the extent of Collura's personal responsibility, weighs against him. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (pro se litigant is "solely responsible for the progress of his case"). The second factor, which focuses on prejudice to the adversary, also weighs against Collura because the Defendants were required to expend much time and expense to respond to numerous meritless motions. See Ware v. Rodale Press, Inc., 322 F.3d 218, 223 (3d Cir. 2003). The third and fourth factors weigh against Collura because the record reflects that he consistently and willfully attempted to derail the litigation by refusing to comply with the District Court's orders. The fifth factor also weighs in favor of dismissing Collura's action because his history of unresponsiveness to the District Court's orders suggests that alternative sanctions would not be effective.[15] We note that he was previously warned that his failure to abide by the Court's orders could result in sanctions up to and including the dismissal of his case.[16]

---

[15] See e.g., "Response to Memorandum and Order," dkt. #55 at 3 ("This court is going to have to give the case back where it came from, or give it to somebody else not a disgrace of a judge. If not Plaintiff will have to put it in civil suspense until this court retires. . . . If this lawsuit doesn't get off the ground, Plaintiff will be a busy bee with other litigation in this courthouse, just for spite."); "Plaintiff's Motion for Reconsideration," dkt. #91 at 1 ("This is however my case and you won't be deciding it because I said so.").

[16] See e.g., Dkt. #65, Dkt. #67, Dkt. #71, Dkt. #75.

The District Court recognized that the sixth factor, the merits of the case, weighed in Collura's favor. But as the District Court noted, not all <u>Poulis</u> factors must be satisfied in order to justify dismissal. <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988). We are mindful that dismissal is an extreme sanction, <u>see</u> <u>Poulis</u>, 747 F.2d at 867-68, but under the circumstances of this case, we conclude that the District Court's analysis and weighing of the <u>Poulis</u> factors was not an abuse of discretion. We further conclude that the District Court did not abuse its discretion in denying Collura's motion for reconsideration.[17] <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

For the foregoing reasons, we will affirm the District Court's judgment.[18]

---

[17] In his motion for reconsideration, Collura conceded that he did not have a flesh-eating disease but contended that he did feel under the weather at the time of the hearing, with flu-like symptoms. Absent any documentation of his inability to attend the show cause hearing, the District Court properly discounted Collura's excuse.

[18] Collura's "Motion for Sanctions Under 28 U.S.C. § 1927 and App. Rule 38 Against Sharon Ulak, City of Philadelphia" is denied.