**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2034
_____

IN RE:  KHAMRAJ LALL,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-22-cv-06036)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 31, 2023

Before: CHAGARES, <u>Chief Judge</u>, HARDIMAN, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: September 6, 2023)
_____

OPINION[*]
_____

PER CURIAM

Khamraj Lall has filed a pro se petition for a writ of mandamus compelling the

District Court to rule on his motion to vacate sentence pursuant to 28 U.S.C. § 2255 and

his request for release on bond.  He also asks us to direct that his case be reassigned to

another judge.  We will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lall, through counsel, filed a § 2255 motion in October 2022. The District Court granted the Government an extension of time to respond. The Government filed its response in January 2023, and Lall filed a pro se reply on February 8, 2023, in which he sought release on bond.

Before Lall filed his reply, his counsel had moved to withdraw and Lall had filed a motion to relieve his counsel. On February 15, 2023, the District Court granted counsel's motion to withdraw. In the same order, it denied a motion for clarification in which Lall sought to have the Court adjudicate a dispute with his counsel over fees. Lall appealed the order insofar as the District Court ruled that it would not exercise jurisdiction over the fee dispute. This Court dismissed that appeal on June 5, 2023, because Lall did not pay the filing fee. See C.A. No. 23-1315.

Lall then filed a petition for a writ of mandamus asking us to compel the District Judge to rule on his § 2255 motion and his request for release on bond. He also seeks an order directing that his case be reassigned to an impartial district judge.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Lall must show that he has no other adequate means to obtain relief and that he has a clear and indisputable right to the writ. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotations and citation omitted). While district courts have discretion over docket management, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.

2

1982), a writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

The District Court has exercised jurisdiction and adjudicated several motions in Lall's case. We cannot conclude that the current delay in deciding Lall's § 2255 motion and request for release constitutes a failure to exercise jurisdiction or warrants the extraordinary remedy of mandamus. We are confident that the District Court will issue a ruling in due course.[1]

Mandamus relief is also not warranted with respect to Lall's request that we direct that his case be reassigned to another judge. "Mandamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Lall, however, has not filed a motion for recusal in the District Court and he has thus not shown that he lacks another adequate means to obtain relief. Lall also has not shown a clear right to relief as he has provided no facts supporting his request.

---

[1] We need not decide whether the District Court lacked jurisdiction to decide Lall's motions during the pendency of his appeal of the order concerning his fee dispute. See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (1999) (stating that the filing of a notice of appeal confers jurisdiction on the court of appeals; however, an appeal from an unappealable order does not deprive the district court of jurisdiction). Whether or not the District Court had jurisdiction, mandamus relief is not warranted.

We will thus deny Lall's mandamus petition without prejudice to his filing another mandamus petition if the District Court does not act without undue delay.